On December 17, 1986, the Medical Licensure Commission for the State of Alabama issued an order revoking the license of Dr. H. Ray Evers to practice medicine in the state. Dr. Evers filed for judicial review, pursuant to the Administrative Procedure Act as codified in Tit. 41, chapter 22, et seq., in the Montgomery County Circuit Court. The lower court entered on May 7, 1987, its order affirming the Licensure Commission. This appeal follows.
At the outset, we note that our review of the Licensure Commission is mandated by § 41-22-20(k), Code 1975 (1982 Repl. Vol.). That section requires that, in examining the order of the agency, that order is presumed to be prima facie just and reasonable. We may not substitute our judgment for that of the agency as to the weight of the evidence or question of fact, nor could the circuit court substitute its judgment for that of the Commission. State Oil Gas Board v.Anderson, 510 So.2d 250 (Ala.Civ.App. 1987). Thus, if supporting evidence is found in the record, we are bound to affirm the order.
The facts reveal that a patient of Dr. Evers's was, under his care, subjected to a therapy using certain salves which had no scientific support as to their efficacy and had known serious potential complications. The salves, as shown by the record, were mixed in Dr. Evers's kitchen. He was not aware of their precise chemical makeup. The salves were supposedly used to "draw out" cancerous tumors of the breast. Instead, they caused severe burns to the patient, who had to be hospitalized due to the application of the salves. Dr. Evers was *Page 416 
found to be guilty of gross malpractice by the Licensure Commission through the use of these unproven and dangerous treatments.
Appellant raises numerous issues on appeal. The first issues we will address concern evidentiary matters. Appellant, Dr. Evers, contends that the decision of the Commission finding that he had committed gross malpractice was based on inadmissible evidence. More specifically, appellant objects to the admission of the deposition of Dr. LuBuglio, which he claims was an opinion based on non-sworn hearsay statements. We find this to be an erroneous assertion. In a non-jury trial or hearing, an error in the admission of evidence does not authorize a reversal if the decision is sustained by other legal evidence. Alabama Board of Nursing v. Herrick,454 So.2d 1041 (Ala.Civ.App. 1984). A review of the evidence in its entirety reveals that, even without the deposition in question, substantial legal evidence exists which upholds and supports the factual conclusions upon which Dr. Evers's license was revoked.
The second evidentiary issue raised by the appellant concerns the granting by the Commission of a continuance for the purpose of reopening discovery. Appellant contends that the continuance was granted solely to allow the appellee an opportunity to cure inadmissible evidence. We point out that this allowed both parties additional discovery. We further note that rulings involving discovery disputes are within the sound discretion of the trial judge, and likewise in an administrative hearing, this decision was one involving the exercise of judicial discretion by the hearing officer. See, Ex parte McClartyConstruction Equipment Co., 428 So.2d 629 (Ala. 1983).
Dr. Evers on appeal also contends that the Licensure Commission violated several provisions of the Administrative Procedure Act in the issuance of its order. He argues that the order of the Commission was unlawful because it was not accompanied by a concise and explicit statement of facts of record which support it, as required by § 41-22-16(b), Code 1975 (1982 Repl. Vol.) We find that, although the findings may not be extensive, the form and substance of the order are sufficient to satisfy the requirements of § 41-22-16(b).
The appellant alleges further that § 41-22-19(c) of the Code was violated because he did not receive notice as required by that statute. The provision states:
 "(c) No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by certified mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license."
An examination of the record indicates that the Commission provided the notice and opportunity for hearing contemplated by § 41-22-19(c). Dr. Evers was served by certified mail with notice of a hearing to be conducted before the Commission at a specific date and time at which he would be offered the opportunity to appear and answer certain allegations. Clearly this notice was provided prior to the institution of any proceedings.
The appellant next argues that § 41-22-15 was violated because the order does not reflect that a majority of members of the Licensure Commission were in accord, which is necessary to make that decision final. The final order of the Licensure Commission bears only the signature of the chairman of the Commission. An analysis of § 41-22-15, as well as §34-24-366, reveals that no requirement exists calling for a specific vote designation. As to this majority vote contention, a long-standing presumption exists in this state that the agency proceedings were properly held unless the contrary appears in the record. Vining v. Board of DentalExaminers, 492 So.2d 607 (Ala.Civ.App. 1985). The burden is on the party alleging error to show it affirmatively by the record on appeal. Chestnut Hills Civic Ass'n, Inc. v.Dobbins, 361 So.2d 1043 (Ala. 1978). Dr. Evers has not met this burden. *Page 417 
We next recognize appellant's contention that the appointment of the hearing officer in this case was unlawful because that officer had done prior legal work for the Alabama Board of Medical Examiners. In the case of Evers v. Board of MedicalExaminers, 516 So.2d 650 (Ala.Civ.App. 1987), this court found, in addressing the same issue, that "[n]o unconstitutional conflict of interest exists." Thus, we see no reason to readdress the issue.
The primary issue on appeal thus becomes whether or not the order of the Licensure Commission revoking Dr. Evers's license was supported by the evidence. Applying the appropriate standard of review and attendant presumptions to the facts at hand, we find no error in the decision of the agency. The order and its contents, including the sanction imposed, were all well supported by the evidence as required by law. State Oil Gas Board v. Anderson, supra. The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.