The Alabama State Board of Podiatry (board) received a number of complaints concerning alleged negligence or incompetent surgery being performed by Robert M. Averi, a podiatrist. After an investigator was assigned to the case, a complaint was drafted, outlining the numerous patient complaints, and was thereafter served on Averi. The complaint notified Averi of the charges and of the hearing date. The hearing was ultimately set for November 19, 1988.
On November 19, 1988, the board convened to consider the charges against Averi. Averi appeared personally at the hearing and requested a continuance, contending that his lawyer had "dropped" him. The hearing officer denied his oral request, at which time Averi left the hearing. The hearing continued in his absence, and ultimately an order was issued revoking Averi's license to practice podiatry in Alabama.
Averi appealed the board's decision to the Circuit Court of Jefferson County. After a hearing, the trial court upheld the actions of the board. Averi now appeals to this court.
On appeal, Averi does not make any argument concerning the merits of his case. Rather, he alleges that certain of his fundamental constitutional rights have been violated.
First, Averi contends that he was denied due process and equal protection of the law before the board. In support of this argument, he cites numerous cases concerning the general proposition that there must be a fair trial in a fair tribunal. He then lists several reasons why he believes he did not receive due process. However, we find that he did not articulate to this court exactly how these general propositions of law applied to his specific case. Nevertheless, we have reviewed the record and find that Averi was afforded due process and equal protection of the laws.
Professional licenses are valuable property rights, and the right to practice cannot be denied or abridged without complying with due process requirements. State ex rel. Powellv. State Medical Board, 32 Minn. 324, 20 N.W. 238 (1884). Here, Averi was served with a copy of the board's notice of a hearing and a statement of the charges months prior to the actual hearing on the merits of the case. The charges were clearly stated and timely served. Averi never contested the authority of the Board of Podiatry to entertain these proceedings, and the record clearly indicates that the members were lawfully appointed and properly impaneled. See Ala. Code 1975, §34-24-276; see also Withrow v. Larkin, 421 U.S. 35,95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); Evers v. Board of MedicalExaminers, 516 So.2d 650 (Ala.Civ.App. 1987). The charges against Averi were cast in explicit language, and he was given notice of the witnesses who would be called to substantiate the allegations against him. Averi presented himself at the hearing and had every opportunity to confront and cross-examine every witness; however, he voluntarily chose to leave the hearing. Also, we note that Averi did not avail himself of the opportunity to subpoena any witnesses in his own behalf.
From a review of the voluminous record, it appears that Averi received a full consideration and a fair determination according to this evidence. Some ten witnesses, including two experts, outlined in detail the instances of gross and repeated negligence by Averi.
Averi next contends that he was denied his right to be represented by counsel *Page 345 
because the board refused to continue the hearing.
We have found no absolute right to a continuance of an administrative hearing unless the refusal of such a continuance would be an abuse of discretion. Evers v. Medical LicensureCommission, 523 So.2d 414 (Ala.Civ.App. 1987). Here, the hearing was scheduled for November 19, 1988. The record reveals that Averi had been represented by counsel and that there had been no motion to withdraw filed by Averi's attorney. In fact, it appears from the record that Averi clearly had representation as late as 5:00 p.m. on the day preceding the hearing. Furthermore, Averi was present at the hearing but chose to leave. In view of the above, we cannot find that the board abused its discretion in denying Averi's motion for a continuance.
Finally, Averi contends that his rights were violated when the hearing before the board was held while criminal charges were pending against him. He argues that he had been indicted by a federal grand jury and had asserted his state and federal rights against self-incrimination and, therefore, could not adequately defend himself before the board. However, Averi has failed to demonstrate how the pending criminal charges necessitated his nonparticipation in the hearing process before the board.
In fact, from a review of the record, we find that there were no allegations prior to or during the hearing relating to any alleged criminal activities of Averi. Further, the hearing officer had issued a written order which instructed the attorneys that no questions or statements would be allowed regarding the criminal charges. Therefore, we find no error here.
We also note that a longstanding presumption exists in this state that the agency proceedings were properly held unless the contrary appears in the record. Evers, supra. The burden is on the party alleging error to affirmatively show it by the record on appeal. Evers. After a review of the record, we find that Averi has failed to meet this burden.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.