This case involves an appeal from a summary judgment relating to an action of an administrative agency.
In January 1992, William Martin Jones filed a petition for a writ of mandamus in the circuit court, seeking to compel the Alabama State Board of Pharmacy (Board) to reinstate his license. Jones's petition was dismissed with prejudice and he appeals.
A brief chronological examination of the events may be helpful in this case. Jones was charged with selling controlled substances without a physician's prescription, failing to maintain accurate inventories and records of controlled substances, and, as supervising pharmacist of Parkland Drugs, failing to ensure that the prescription department was operated with good pharmaceutical practices and in compliance with the provisions of the Pharmacy Practice Act (PPA), Ala. Code 1975, § 34-23-1 et seq., and the Alabama Uniform Controlled Substances Act, Ala. Code 1975, § 20-2-1 et seq. A hearing was set for November 1988, for Jones to appear before the Board to show cause why his license to practice pharmacy should not be revoked.
During that hearing, the testimony of a Board drug inspector disclosed that his accountability audit exposed numerous controlled substance shortages at Parkland Drugs. Jones alleged that poor record keeping, poor supervision, and theft were to blame. The Board found Jones's explanations to be unsubstantiated, revoked Jones's license to practice pharmacy in Alabama, and assessed a $4,000 penalty against Parkland Drugs.
Jones appealed to the circuit court in December 1988. The Board filed a motion to dismiss that appeal, alleging that it did not comply with the Alabama Administrative Procedure Act (AAPA). Jones's appeal was dismissed in February 1989.
In October 1991, Jones filed a "Verified Petition for Reinstatement of License" with the Board. That petition sought to challenge the constitutionality of procedures followed by the Board in the November 1988 hearing. Jones claimed that he was denied procedural and substantive due process rights provided by the United States and the Alabama Constitutions. The Board did not consider Jones's petition.
In January 1992, Jones filed a petition for a writ of mandamus in the circuit court, seeking to compel the Board to consider his petition for reinstatement, alleging that the Board's refusal to grant a hearing on his petition wrongfully infringed his rights. The Board answered and asserted that it had no obligation to afford Jones the relief requested, and that Jones had the right to appeal the revocation of his license but had "failed to timely and/or duly exercise that right and therefore is precluded from now raising issues that should have been raised in the appeal process allowed him underCode of Alabama (1975), Sections 41-22-20, 41-22-21 and Section34-23-94." The Board also filed a motion for summary judgment, which was granted, and the trial court held that the proceeding revoking Jones's license had been finally concluded and that it was within the Board's discretion to grant or deny his petition for reinstatement. Jones's petition for mandamus was dismissed with prejudice, and his subsequent motion for rehearing was overruled. Hence, this appeal.
On appeal, Jones challenges whether the Board was required to provide him with a due process hearing on his petition for reinstatement. He contends that in entering the summary judgment, the trial court erred by holding that the Board had unlimited discretion to grant or deny his petition for reinstatement, or to schedule a hearing on said petition; that the trial court erred in holding that the AAPA made a writ of mandamus inapplicable and unavailable to compel the Board to grant a hearing to consider reinstatement; and that the trial court erred in dismissing all of his claims with prejudice.
Appellate review of administrative actions is limited to a determination of "whether the agency acted within its powers conferred upon it by law and the constitution, whether its decision is supported by substantial evidence, and whether the agency's decision is reasonable and not arbitrary."Alabama *Page 615 Board of Nursing v. Herrick, 454 So.2d 1041, 1043
(Ala.Civ.App. 1984).
The AAPA, Ala. Code 1975, § 41-22-1 et seq., provides "a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public." Ala. Code 1975, § 41-22-2(a). Section 41-22-3(5), defines licensing to be:
 "The agency process respecting the grant, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license or imposition of terms for the exercise of a license."
Commentary to that section states that "licensing" was intended to "encompass every agency process or proceeding that in any way affects one's application for a license or renewal thereof, or one's ability to exercise the privileges conferred by license, or in any other way restricts or reduces such privileges."
The Board has powers and duties via Ala. Code 1975, § 34-23-92. Among those duties, § 34-23-92(12), provides that the duty of the Board is to conduct hearings to revoke, suspend, or probate any license or permit granted by the Board, and it additionally provides that an appeal may be taken in accordance with the provisions of § 34-23-94.
Our thorough and extensive research fails to disclose any Alabama case involving review by the courts of the power of a professional board, pursuant to the AAPA and PPA, to consider reinstatement after revocation for cause.
The determination of whether a licensee should have his license revoked involves judgment and expertise in the particular field of the licensee. This judgment and expertise is presumed to exist in the board of each field, and we will not disturb the decision of a board unless judgment or discretion is abused or exercised in an arbitrary or capricious manner. Board of Dental Examiners v. King, 364 So.2d 318
(Ala. 1978), after remand, 364 So.2d 319 (Ala.Civ.App. 1978).
In December 1988, Jones appealed the Board's decision to revoke his license; however, that appeal was found to be procedurally faulty and it was dismissed. Three years later, Jones filed his petition for reinstatement with the Board, challenging the constitutionality of its procedures and asserting that the revocation was working a severe emotional and financial hardship. Jones cannot now attack the Board's actions although Jones could have raised such issues in a proper and timely appeal in 1988. Ala. Code 1975, § 34-23-94. In his petition for a writ of mandamus in the circuit court, Jones unpersuasively claimed that the actions of the Board in denying his petition for reinstatement and in refusing to schedule a hearing were arbitrary and capricious, and that the Board's actions denied his substantive and procedural due process rights.
"Professional licenses are valuable property rights, and the right to practice cannot be denied or abridged without complying with due process requirements." Averi v. Alabama State Board of Podiatry,567 So.2d 343, 344 (Ala.Civ.App. 1990). "One charged with an offense to be tried at an adjudicatory administrative hearing is entitled to procedural due process. Such due process includes adequate notice of the complaint against him and a reasonable opportunity to prepare a defense with assistance of counsel." Parducci v. Payne, 360 So.2d 1023, 1024
(Ala.Civ.App. 1978).
Neither the AAPA nor the PPA contains provisions relating to reinstatement of a license after revocation. The only provision mentioning reinstatement concerns reinstatement of a license which expired due to failure to timely pay the annual license renewal fee. Ala. Code 1975, § 34-23-52. Likewise, there are no provisions requiring that a hearing be conducted regarding a petition for reinstatement.
Jones was afforded a plethora of procedural safeguards when his license was revoked in 1988. Although the severity and finality of revocation is harsh, the Board was apparently of the opinion that Jones's actions were sufficiently egregious to warrant revocation.
In its order dismissing Jones's petition, the trial court referenced the similarity of Georgia's administrative procedure act and quoted the Federal district court case Hicks v. Georgia State Board of Pharmacy, *Page 616 
553 F. Supp. 314, 319 (N.D.Ga. 1982), that interpreted that act, and stated:
 "Georgia courts have held that licensees are entitled only to a hearing to contest suspension or revocation of a license. They are 'entitled to no other hearing under the statute.' Hinson v. Georgia State Board of Dental Examiners, 135 Ga. App. 488, 489, 218 S.E.2d 162 (1975). Clearly there is no statutory obligation to reinstate a revoked license or even to consider such request. The board is therefore not required to base its denial of reinstatement on any objective criteria. Indeed the Board may deny relief for any legitimate reason or for no reason at all. Meachum v. Fano, 427 U.S. 215, 228, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451
(1976)."
Although Hicks is not mandatory precedent, that statutory interpretation presents a compelling analysis to consider in interpreting the Alabama statute.
Jones also asserts that the trial court erred by holding that the AAPA made a writ of mandamus inapplicable and unavailable to compel the Board to grant a hearing to consider reinstatement. After our careful review of the record, it appears that the trial court merely opined that appeal was the proper method to collaterally attack the Board's procedures, and that since neither the AAPA nor the PPA furnishes any right for reinstatement, or a hearing for reinstatement, mandamus will not lie to compel action on such a "right."
"Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Adams, 514 So.2d 845, 850 (Ala. 1987). Mandamus is not available as a substitute for appeal. State v.International Paper Co., 394 So.2d 28 (Ala.Civ.App. 1980).
Both parties and the trial court's order cite Katz v. AlabamaState Board of Medical Examiners, 351 So.2d 890 (Ala. 1977).Katz, which predates the current AAPA, comprehensively examines the issue of reinstatement of a professional license and may provide valuable insight regarding the legislative intent in drafting the current AAPA.
Katz surrendered his Alabama medical license in 1971, after being served with a formal complaint and being given a hearing date, based upon an out-of-state conviction for a crime involving moral turpitude. In 1973, Katz's petition for reinstatement was denied after a hearing. In 1977, Katz repetitioned and presented evidence of changed circumstances at a hearing. His second petition was also denied, and Katz appealed. The Supreme Court held that Katz "could seek the writ of mandamus from the circuit court to obtain a review of the Board's alleged abuse of discretion in denying his petition for reinstatement. If judgment or discretion is abused, or exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof." Katz at 892.
As such, Katz appears to say that a due process hearing should be afforded to assure that the denial of reinstatement "is not grounded upon unreasonable or arbitrary bases." Katz at 893. Certain matters should be considered at the hearing, such as whether it is likely that the applicant would again violate the relevant statute requiring revocation, whether the period of revocation was sufficient penalty for past offenses, and whether the applicant is presently a competent physician. Katz,supra. The Supreme Court further stated, "[W]e note with satisfaction that a committee of the Alabama Bar Association is preparing a proposed bill to create a uniform procedure for adoption of rules by state administrative agencies, for the conduct of the contested cases before administrative agencies, and for the judicial review of state agency rules and determinations." Katz at 893, n. 1.
The "proposed bill" in Katz ultimately became the AAPA, which provides for procedural and due process safeguards at the onset of a potential penalty situation. It would have been a simple matter for the legislature to provide for reinstatement after revocation; however, even after being prompted by the *Page 617 
Supreme Court in Katz, the legislature did not address reinstatement in the AAPA.
We find Katz to be unpersuasive authority in the instant case. In his petition for reinstatement, Jones attempts to raise issues foreclosed by the revocation proceeding. He presents nothing for consideration in a reinstatement proceeding that has not been previously considered. Jones's reinstatement petition does not substitute for his failure to properly appeal the 1988 proceeding.
In determining whether a summary judgment was proper, this court is limited to reviewing the same evidence considered by the trial court when it granted the motion, in a light most favorable to the nonmovant. Turner v. Systems Fuel, Inc.,475 So.2d 539 (Ala. 1985). "[A] trial court's ruling on a summary judgment motion is a nondiscretionary ruling, and no presumption of correctness attaches to that ruling; accordingly, our review of the evidence properly presented in the record is de novo." Stone v. Southland National InsuranceCorp., 589 So.2d 1289, 1291 (Ala. 1991) (emphasis supplied). Our careful review of the record reveals that the trial court properly entered the summary judgment.
Jones last contends that the trial court erred in dismissing his claims. On appeal, he presents no argument and cites no supporting authority. Therefore, we will not address this issue. Rule 28, A.R.App.P.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.