SHORES, Justice.
The plaintiff, Ted Eugene Newman, was terminated from his employment as a police officer with the Town of Falkville. This action is based on that termination. Newman appeals from a summary judgment for the defendant, the Town of Falkville. We affirm.
Newman joined the Falkville Police Department on July 31, 1990, as a provisional member. He served until December 1,1990, when he became a full-time member. In April 1992, the Town of Falkville placed Newman on an indefinite leave of absence without pay, for a period not to exceed a year. In response to this action, Newman filed a letter of grievance with Police Chief Robert Arnt. On June 22, 1992, Newman received a letter of termination, effective immediately, from Mayor Robert Winkles. This letter informed Newman of his right to have the grounds for termination specified and his right to request a hearing. On July 6,1992, Newman wrote a letter to Chief Arnt requesting a statement of the reasons for his dismissal. Newman did not request a hearing at this point with either the personnel board or any other governing body.
Newman filed a complaint alleging (1) that the defendant had breached its employment contract with him by terminating him (he claimed he was terminated because he filed a grievance) and (2) that his termination violated his rights to free speech under the First Amendment to the United States Constitution and to due process under the Fourteenth Amendment.
The Town of Falkville moved for a summary judgment. The trial court granted the motion, holding as follows:
“It is the conclusion of the Court that the Plaintiff is precluded from his resorting to the judiciary for review of the circumstances surrounding his termination based on his failure to exhaust his administrative remedies set out in the Defendant’s Personnel Rules and Regulations. It is undisputed that the Plaintiff failed to exhaust his administrative remedies under these personnel rules and regulations. The Court also concludes that the Plaintiff did not present substantial evidence that the administrative remedies available to him were inadequate. It is further the conclusion of the Court that the Plaintiffs grievance filed with the Defendant did not contain ‘protected speech’ requiring protection of the First Amendment to the United States Constitution. The Court further finds that the Defendant, Town of Falkville, met the essential requirements of procedural due process under the Fourteenth Amendment to the United States Constitution by providing adequate notice and opportunity for a post-termination hearing to the Plaintiff.”
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving-party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Ala.Code 1975), for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” creating a genuine issue of material fact; “substantial evidence” is *759 “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The doctrine of exhaustion of administrative remedies is firmly established in Alabama; under that doctrine, a party is required to explore and exhaust all available administrative remedies before challenging an agency’s actions in the courts. Ex parte Graddick, 495 So.2d 1367 (Ala.1986). It is undisputed that Newman did not exhaust his administrative remedies, because he did not request a hearing on his termination.
Newman contends that the employee handbook can be interpreted as a unilateral contract; thus, he says, he has a right to come into court without exhausting the administrative remedies. We disagree. The trial judge based his holding upon Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987). In that case we determined that a promise made to an employee in a handbook was sufficient to constitute a binding unilateral contract and said that the existence of such a contract can be determined by employing the following analysis:
“First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration.”
512 So.2d at 735; Evans v. National Micro-systems, Inc., 576 So.2d 207 (Ala.1991). The trial court properly concluded that the handbook in question does not meet the Hoffman-LaRoche test.
Newman argues that his termination violated his First Amendment right to free speech and his Fourteenth Amendment right to due process. The record reflects that there was no contract; thus, there was no property right to be violated. It is also clear that Newman received proper notice; thus, there was no violation of due process.
For the reasons stated above, the summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.