The Alabama State Board of Medical Examiners ("the Board"), on September 20, 1998, filed an administrative complaint with the Medical Licensure Commission of Alabama ("the Commission") against Kenneth Barngrover, D.O., alleging that he had committed the following violations of § 34-24-360, Ala. Code 1975:
 "a. Having had a disciplinary action taken by another state against his license to practice medicine or osteopathy, based upon acts similar to acts described in Ala. Code [1975,] § 34-24-360, a violation of Ala. Code [1975,] § 34-24-360(15);
 "b. Having engaged in fraud in applying for or procuring a license to practice medicine or osteopathy in the State of Alabama, a violation of [§] 34-24-360(1);
 "c. Having made a fraudulent or untrue statement to the Medical Licensure Commission, a violation of [§] 34-24-360(17).
 "3. In support of the allegation of the violation of [§] 34-24-360(15), the [Board] specifically alleges that, on or about July 10, 1997, a final decision was entered by the Georgia Composite State Board of Medical Examiners in the Matter of Kenneth Barngrover, D.O., case number 96-488. Specifically, the Georgia Board found that Dr. Barngrover had supervised a physician assistant outside the permissible scope of state law and the Georgia Board's regulation, that Dr. Barngrover did not keep contemporaneous medical records on several patients but fabricated records after he was served with a subpoena from the Georgia Board, and that Dr. Barngrover's prescribing of controlled substances to multiple patients failed to comply with the minimal standards of acceptable and prevailing medical practice. Dr. Barngrover's license to practice medicine in Georgia was placed on probation for three years, subject to specified terms and conditions of probation. Additionally, Dr. Barngrover was assessed an administrative fine of Ten Thousand Dollars ($10,000).
 "4. In support of the allegations of violations of § 34-24-360(1) and (17), the Board specifically alleges that on October 15, 1996, Dr. Barngrover signed his Alabama license renewal for 1997 certifying that all information on the form was correct. Dr. Barngrover answered `no' to question number 6 on the form, which asks `To your knowledge, are you the subject of an investigation by any licensing board/agency as of the date of this application within the last year?' The Board alleges that Dr. Barngrover had knowledge prior to October 15, 1996, that he was the subject of an investigation by the Georgia Composite State Board of Medical Examiners[;] consequently, Dr. Barngrover answered fraudulently and untruthfully on his Alabama license renewal form for 1997."
Dr. Barngrover moved to have all proceedings related to the Board's allegation that he violated § 36-24-360(15) stayed, stating that that action was not final because it was on appeal. Following a hearing, the Commission, on January 24, 2001, entered an order making the following findings of fact and conclusions of law:
 "1. On or about July 10, 1997, a final decision was entered by the Georgia Composite State Board of Medical Examiners in the matter of Kenneth Barngrover, D.O., Case No. 96-488. The Georgia Board found that Dr. Barngrover had supervised a physician assistant outside the permissible scope of state law and the Georgia Board's regulations, that Dr. Barngrover did not keep contemporaneous medical records *Page 150 
on several patients, but, rather, that he had fabricated records after he was served with a subpoena from the Georgia Board, and that Dr. Barngrover's prescribing of controlled substances to multiple patients failed to comply with the minimum standards of acceptable and prevailing medical practice.
 "2. Dr. Barngrover's license to practice medicine in Georgia was placed on probation for three (3) years, subject to specified terms and conditions of probation. Dr. Barngrover was assessed an administrative fine of Ten Thousand Dollars ($10,000).
 "3. The action of the Georgia Composite State Board of Medical Examiners has been appealed to the Fulton County Superior Court. No ruling has been made on such appeal.
 "4. On October 15, 1996, Dr. Barngrover signed his Alabama license renewal for 1997 certifying that all information on the form was correct. Dr. Barngrover answered `no' to question no. 6 on the form which asks `To your knowledge, are you the subject of an investigation by any licensing board/agency as of the date of this application within the last year?'
 "5. Within one year prior to October 15, 1996, Dr. Barngrover was, in fact, the subject of an investigation by the Georgia Composite State Board of Medical Examiners and Dr. Barngrover had specific knowledge of such investigation. Specifically, on April 18, 1996, Dr. Barngrover was served notice of an administrative action against him and he had direct knowledge that a hearing was scheduled on such administrative complaint on November 18, 1996.
 "Based upon the foregoing findings of fact, the Medical Licensure Commission makes the following conclusions of law:
 "1. Respondent, Kenneth Barngrover, D.O., has had a disciplinary action taken by another state against his license to practice medicine or osteopathy, based upon acts similar to acts described in Alabama Code [1975,] Section 34-24-360, a violation of Alabama Code [1975,] Section 34-24-360(15).
 "2. Respondent, Kenneth Barngrover, D.O., has engaged in fraud in applying for and procuring a license to practice medicine or osteopathy in the State of Alabama, a violation of Alabama Code [1975,] Section 34-24-360(1).
 "3. Respondent, Kenneth Barngrover, D.O., has made a fraudulent or untrue statement to the [Commission], a violation of Alabama Code [1975,] Section 34-24-360(17).
 "The [Commission] notes that Dr. Barngrover contends that the Order of the Georgia Composite State Board of Medical Examiners is not a final order because it is still on appeal in the State of Georgia. The [Commission] disagrees with such position, but acknowledges that in the event the Appellate Court of the State of Georgia should vacate the decision of the Georgia Board then, in such event, the basis of the [Board's] allegation that Dr. Barngrover has had a disciplinary action by another state would also be vacated. Therefore, the [Commission] will make no disposition with regard to its finding on such issue, but will retain jurisdiction pending disposition of the Georgia appeal.
 "The Commission also notes the Respondent's argument with regard to the charge that he engaged in fraud in applying for or procuring a license to practice medicine and that he made a fraudulent or untrue statement to the [Commission]. He argues that the *Page 151 
actual investigation phase of his case in Georgia had concluded more than a year prior to October 15, 1996. The Commission totally rejects such argument. Such a narrow and restricted interpretation defies common sense and is totally contrary to the interpretation which the Commission has always placed upon such question. The clear purpose of question 6 is to determine whether or not any investigation or proceeding, which had not yet resulted in a disciplinary action, had occurred within the past year.
 "Based upon the above findings of fact and conclusions of law, the [Commission] makes the following ruling:
"1. The Motion to Stay All Proceedings is denied.
 "2. No disciplinary action against the Respondent's license to practice medicine is administered at this time based upon the finding that he has had a disciplinary action taken in another state against his license to practice medicine or osteopathy. However, the Commission retains jurisdiction to either administer disciplinary action, or to dismiss the portion of the Administrative Complaint making such allegation, based upon the outcome of the Georgia appeal. The parties are directed to notify the [Commission] of any action on the Georgia appeal within two (2) weeks of any such action.
 "3. Based upon the Commission's finding that the Respondent engaged in fraud in applying for or procuring a license to practice medicine or osteopathy in the State of Alabama and upon the Commission's finding that the Respondent made a false or untrue statement to the Commission, it is the ORDER of the [Commission] that the license to practice medicine in Alabama of the Respondent, Kenneth Barngrover, D.O. be REPRIMANDED and that he be assessed an administrative fine in the amount of FIVE HUNDRED DOLLARS ($500.00)."
Dr. Barngrover, on February 23, 2001, filed a notice of appeal with the Commission; he also, on that date, petitioned the Montgomery Circuit Court to set aside the decision of the Commission reprimanding his license and assessing him a fine. Dr. Barngrover amended his petition for judicial review on April 23, 2001.
The trial court, on August 29, 2001, entered an order reversing the Commission's disciplinary action as it related to the disciplinary action of the Georgia Composite State Board of Medical Examiners, finding that the Commission's action on that issue was premature. Further, the trial court affirmed the Commission's disciplinary action as it related to the Commission's finding that Dr. Barngrover had obtained or had procured his Alabama medical license through fraud, holding that such action by the Commission was supported by substantial evidence. Dr. Barngrover appealed and the Commission cross-appealed.[1]
We initially note that
 "our review of the Licensure Commission is mandated by § 41-22-20(k), [Ala. Code 1975]. That section requires that, in examining the order of the agency, that order is presumed to be prima facie just and reasonable. We may not substitute our judgment for that of the agency as to the weight of the evidence or question of fact, nor could the circuit court substitute its judgment for that of the Commission." *Page 152 
Evers v. Medical Licensure Comm'n, 523 So.2d 414, 415 (Ala.Civ.App. 1987). Generally, the "courts will pass only on questions of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary." StateDep't of Human Res. v. Funk, 651 So.2d 12, 16 (Ala.Civ.App. 1994). "Additionally, this court reviews the trial court's ruling on the agency's decision with no presumption of correctness, because the trial court was in no better position to review the order of the agency than this court is." Id., at 16. The presumption of correctness does not attach to the hearing officer's conclusions of law; further, no presumption of correctness exists when a hearing officer improperly applied the law to the facts. Id.
Dr. Barngrover specializes in the practice of pain management and anesthesiology. He is licensed in both Alabama and Georgia; however, he has practiced primarily in Columbus, Georgia, since 1985. In 1994, the Georgia Composite State Board of Medical Examiners (the "Georgia Medical Board") launched an investigation into Dr. Barngrover's medical practice. In April 1996, the Georgia Medical Board filed an administrative complaint against Dr. Barngrover. On October 15, 1996, Dr. Barngrover completed and signed his Alabama license renewal application for 1997. On that application he answered "no" to question number 6, which asks: "To your knowledge, are you the subject of an investigation by any licensing Board/Agency as of the date of this application within the past year?" A hearing on the Georgia Medical Board's administrative complaint against Dr. Barngrover was held in November 1996. A final decision "reprimanding" Dr. Barngrover's license was issued by the Georgia Medical Board on July 10, 1997.
Dr. Barngrover appealed the Georgia Medical Board's decision to the Fulton County Superior Court. In August 1997, that court issued an order requiring the Georgia Medical Board to amend any public dissemination of information related to its disciplinary action and ruling against Dr. Barngrover to show that the matter was pending on judicial review. In November 1997, Dr. Barngrover completed and signed his Alabama license renewal application for 1998. He placed the Commission on notice of the Georgia disciplinary action against him by answering "yes" to question number 2, which states: "Has your certificate of qualification or license to practice medicine in any state been suspended, revoked, restricted, curtailed, or voluntarily surrendered under threat of suspension or revocation within the past year?"
Dr. Barngrover argues on appeal, as he did before the Commission, that he is not guilty of violating § 34-24-360(1), Ala. Code 1975 (engaging in fraud in applying for or procuring a license to practice medicine), and § 34-24-360(17), Ala. Code 1975 (having made a fraudulent or untrue statement to the Commission) because, he says, question number 6 specifically inquired about investigations and not disciplinary proceedings. He further states that when he answered "no" to question 6, the investigation that he had been subject to had ended in 1994, two years before he completed the license renewal application on October 15, 1996.
We note the following important distinction between an "investigation" and a "hearing" or "proceeding":
 "The term `hearing' is appropriate to quasi-judicial proceedings while `investigation' is appropriately used with regard to nonjudicial functions of an administrative agency and the seeking of information *Page 153 for future use rather than proceedings in which action is taken against someone. An `investigation' is nonadversary and contemplates a procedure much less formal and more flexible than applies even to an administrative hearing."
Atchison, Topeka Santa Fe Ry. v. Kansas Comm'n on Civil Rights,529 P.2d 666, 673 (Kan. 1974) (citations omitted) (emphasis added). See also Bowles v. Baer, 142 F.2d 787, 788 (7th Cir. 1944) (holding that "[i]nvestigations are informal proceedings held to obtain information to govern future action and are not proceedings in which action is taken against anyone").
James Patrick, Dr. Barngrover's attorney during the Georgia disciplinary action, repeatedly testified during the hearing that the Georgia Medical Board's investigation of Dr. Barngrover ended in 1994. Based on his understanding of the term "investigation" and of the term "hearing" or "proceeding," Patrick advised Dr. Barngrover to answer "no" to question 6, because, he said, the investigation had ended in 1994, more than one year before Dr. Barngrover completed the license renewal application for 1997. Dr. Barngrover also testified that it was his belief that he was no longer under investigation after 1994.
However, the Commission presented evidence indicating that the investigation did not end in 1994, but that it was ongoing as late as September 1995, which is just one month beyond the relevant 12-month period immediately preceding October 15, 1996. In July 1995, Patrick and the Georgia Medical Board corresponded by letter regarding a subpoena served by the Georgia Medical Board requesting certain medical records of Dr. Barngrover's. On September 14, 1995, Patrick further corresponded by letter with the attorney who represented the Georgia Medical Board wishing to discuss the "issues" and noting that Dr. Barngrover had not been advised of the charges against him, the general context of the accusations made against him, nor the identity of the person or person who had made those accusations. Nothing in the record indicates that the Georgia Medical Board had notified Dr. Barngrover that its investigation had ended between September 14, 1995, and the relevant time period beginning on October 15, 1995, much less that the investigation had been completed in 1994 — in fact, formal quasi-judicial proceedings did not commence until April 1996 with the filing of the formal complaint against Dr. Barngrover. We conclude that substantial evidence exists from which one could infer that the Georgia Medical Board's investigation of Dr. Barngrover continued until the time a formal complaint was filed against him in April 1996. Accordingly, we cannot say that the trial court erred in affirming the Commission's decision finding that Dr. Barngrover had violated §§ 34-24-360(1) and 34-24-360(17), Ala. Code 1975.
 The Cross Appeal
The Commission argues in its cross-appeal that the trial court erred in holding that its disciplinary action, brought pursuant to § 34-24-360(15), Ala. Code 1975, and based on the Georgia disciplinary action, is premature because of the pendency of the appeal of the Georgia disciplinary action. We agree. Section 34-24-360, Ala. Code 1975, provides in part:
 "The Medical Licensure Commission shall have the power and duty to suspend for a specified time, to be determined in the discretion of the commission, or revoke any license to practice medicine or osteopathy in the State of Alabama whenever the licensee shall be *Page 154 
found guilty on the basis of substantial evidence of any of the following acts or offenses:
". . . .
 "(15) Any disciplinary action taken by another state against a licensee to practice medicine or osteopathy, based upon acts by the licensee similar to acts described in this section; a certified copy of the record of the disciplinary action of the state making such an action is conclusive evidence thereof."
It is undisputed that the Georgia Medical Board imposed discipline upon Dr. Barngrover's license in that state and that the disciplinary action was based on acts similar to those acts described § 34-24-360, Ala. Code 1975. The decision imposing discipline upon Dr. Barngrover's license was appealed and has yet to be decided. However, nothing in § 34-24-360(15) can be construed to require the Commission to await the outcome of the Georgia appeal before instituting disciplinary proceedings against Dr. Barngrover pursuant to § 34-24-360(15). According to the plain language of § 34-24-360(15), all that is required to discipline a physician's license is a showing by substantial evidence that a disciplinary action has been taken by another state against that physician for acts similar to those described in § 34-24-360.
In the similar case of Evers v. Medical Licensure Commission ofAlabama, 421 So.2d 89 (Ala 1982), Evers, a physician, was convicted by a jury for violating sections of the Alabama Uniform Controlled Substances Act. An administrative complaint was filed, seeking to discipline him pursuant to § 34-24-360(4), Ala. Code 1975, which provides that a physician's license may be suspended or revoked whenever the physician is found guilty on the basis of substantial evidence of "[c]onviction of a felony; a copy of the record of conviction, certified to by the clerk of the court entering the conviction, shall be conclusive evidence." The issue before the court was "whether a physician's license may be suspended or revoked when a judgment of conviction is entered by the trial court, or whether the word `conviction' means conviction followed by affirmance on appeal." Evers, 421 So.2d at 90. In holding that the licensure commission need not await the outcome of the appeal from the jury conviction before pursuing disciplinary proceedings against Evers, our supreme court stated:
 "Looking at the statute, we find that the use of the phrase `Conviction of a felony' has significance, because it points out the stage in the course of a criminal proceeding when the Medical Licensure Commission can take action. The phrase `a copy of the record of conviction, certified to by the clerk of the court entering the conviction, shall be conclusive evidence' sets out the offer of proof which must submitted in order to establish the grounds for action by the Commission.
". . . .
 "We believe the policy of the statute is plain and the legislature intended the fact of conviction to be enough to cause the Medical Licensure Commission to conduct a hearing on the revocation or suspension of a physician's license."
Evers, 421 So.2d at 91. The court further held that a physician's license shall be automatically reinstated upon a reversal of the conviction upon which the Commission's disciplinary action was based. Id.
Likewise, we conclude that the phrase "[a]ny disciplinary action taken by another state against a licensee to practice medicine or osteopathy, based upon acts by the licensee similar to acts described in this section," in § 34-24-360(15), indicates the point in time in which the Commission could initiate disciplinary proceedings *Page 155 
against Dr. Barngrover, and the phrase in that Code section "a certified copy of the record of the disciplinary action of the state making such an action is conclusive evidence thereof" sets out the offer of proof necessary to establish the grounds for action by the Commission.
Therefore, we conclude that the Commission was not required to await the outcome of the appeal from the Georgia disciplinary proceedings before initiating disciplinary proceedings against Dr. Barngrover pursuant to § 34-24-360(15), Ala. Code 1975. Accordingly, that portion of the trial court's decision finding the disciplinary action of the Commission to be premature is reversed and the case is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Crawley, Thompson, and Pittman, JJ., concur.
[1] The Board moved the trial court to dismiss it from the action, and the trial court granted that motion; therefore, the Board is not a party to this appeal.