James Soleyn and Angelo Archible each sought certiorari review of the decision of the Court of Civil Appeals in appeals by Bishop State Community College ("Bishop State"), which the Court of Civil Appeals consolidated. Bishop State Cmty.Coll v. Archible, [Ms. 2070379, October 24, 2008]33 So.3d 577 (Ala.Civ.App. 2008). We granted certiorari review to consider two material questions of first impression for this Court: Whether the Court of Civil Appeals applied the proper standard of review and whether, in reviewing a notice of termination under the Fair Dismissal Act, it is appropriate to consider the circumstances surrounding the notice. See Rule 39(a)(1)(C), Ala. R.App. P. We consolidated the cases for the purpose of writing one opinion. We reverse and remand.
The Court of Civil Appeals' opinion contains detailed statements of the facts of each underlying case. We will not repeat all those facts, many of which are not relevant to the legal questions before us. Instead, we will focus on the relevant procedural history of these cases.
Soleyn and Archible are employees of Bishop State who, because of their employment status, have certain rights under the *Page 586 
Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975 ("the Act"). Their employment may be terminated only for one or more of the reasons listed in § 36-26-102. In order to terminate an employee who is subject to the Act, the employer, here Bishop State, must first give the employee written notice of its intent to terminate his or her employment. In relevant part, the notice of intent to terminate must "state the reasons for the proposed termination [and must] contain a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 36-26-102. . . ." § 36-26-103(a).
On August 1, 2007, Bishop State issued notices of its intent to terminate the employment and pay of Archible and Soleyn. Both employees contested the terminations, and each requested a hearing pursuant to the Act. Hearing officers were selected to hear the contests. See § 36-26-114. In the course of his contest, Archible challenged the sufficiency of the notice of intent to terminate his employment, arguing that it did not contain the requisite "short and plain statement of the facts showing that the termination is taken for one or more [lawful] reasons." Soleyn made a similar challenge to the sufficiency of Bishop State's notice of intent to terminate his employment.
The hearing officer assigned to Archible's contest concluded that the notice provided to Archible by Bishop State did not comply with § 36-26-103(a). The hearing officer ordered Bishop State to reinstate Archible with backpay and benefits until such time as the termination process was reinstated with an appropriate notice to Archible. Subsequently, the hearing officer assigned to Soleyn's contest entered a similar order. Bishop State appealed the decisions of both hearing officers. The Court of Civil Appeals agreed to hear the appeals, and it consolidated these appeals and issued one opinion. See § 36-26-104(b).
Section 36-26-104(b) provides, in pertinent part, that "[t]he decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decisionarbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article." (Emphasis added.) In spite of this statutory mandate for a narrow appellate review, the Court of Civil Appeals conducted a de novo review of the hearing officers' decisions in Archible's and Soleyn's contests.
 "The basic question before the court is whether the hearing officers erred in rescinding the employees' terminations on the ground that Bishop State had failed to provide the employees proper notice of the factual bases for the termination of their employment and their pay. In resolving that question, we review only the hearing officers' conclusions of law and their application of law to the facts. As such, our standard of review is de novo. Barngrover v. Medical Licensure Comm'n of Alabama, 852 So.2d 147, 152 (Ala.Civ.App. 2002) (stating that the presumption of correctness typically afforded a hearing officer's decision in an administrative proceeding does not attach to the hearing officer's conclusions of law or to his or her improper application of the law to the facts)."
Bishop State, 33 So.3d at 581. We have agreed to address the issue whether the Court of Civil Appeals applied the appropriate standard of review to the hearing officers' conclusions concerning the adequacy of the notices of proposed terminations under the Act.
The Court of Civil Appeals concluded that each notice of intent to terminate *Page 587 
complied with § 36-26-103(a); thus, it reversed the decisions of the hearing officers and remanded the cases for further proceedings. In reaching its conclusions, the Court of Civil Appeals did not hold that the notices, by their express terms, were sufficient. Instead, the court looked beyond the terms of the notices themselves to what it described as the "surrounding circumstances." "Based on the content of the notice and the surrounding circumstances, it is apparent that Bishop State provided Archible sufficient information of the misconduct and moral turpitude it intended to prove so as to enable Archible to defend against those charges." Bishop State, 33 So.3d at 584 (emphasis added). As to Soleyn, the Court of Civil Appeals concluded: "The content of the notice, along with the surroundingcircumstances, provided Soleyn sufficient information so that he could properly prepare his defense." BishopState, 33 So.3d at 584 (emphasis added). We have agreed to address the issue whether, in determining the adequacy of a notice of proposed termination under the Act, it is appropriate to look beyond the terms of the notice itself and consider any surrounding circumstances.
We turn first to the standard-of-review issue. It is true that the Act provides an arbitrary-and-capricious standard that is "generally applicable to appeals from a hearing officer's decision." Archible's brief, at 55. We agree with Archible that § 36-26-104(b) "evinces legislative intent that there be a presumption as to the correctness of [a] hearing officer's rulings where factual determinations are involved." Archible's reply brief, at 21. However, as Bishop State points out, "no hearing was held and no facts were adduced in [these] matter[s]." Bishop State's brief, at 48-49. Under these circumstances, each hearing officer's conclusions were, as Bishop State argues, "solely conclusions of law, based on his review of the facts provided to [the employee] in the notice of intent to terminate." Bishop State's brief, at 49.
Neither Archible nor Soleyn has called to our attention any case in which an Alabama appellate court has applied an arbitrary-and-capricious standard to the review of a legal conclusion or the application of the law to undisputed facts. Indeed, it is well established that where the issues involve only the application of law to undisputed facts appellate review is de novo. See, e.g., State Farm Mut. Auto. Ins.Co. v. Motley, 909 So.2d 806, 810 (Ala. 2005). This has been held to be true where a hearing officer's decision is otherwise subject to more limited review. Ex parte WilbanksHealth Care Servs., 986 So.2d 422, 425 (Ala. 2007) ("Review of the hearing officer's conclusions of law or application of the law to the facts is de novo."); Barngrover v. MedicalLicensure Comm'n of Alabama, 852 So.2d 147, 152
(Ala.Civ.App. 2002) ("The presumption of correctness does not attach to the hearing officer's conclusions of law; further, no presumption of correctness exists when a hearing officer improperly applied the law to the facts."). Thus, the Court of Civil Appeals applied the appropriate standard of review to the hearing officers' conclusions concerning the adequacy of the notices of proposed terminations pursuant to the Act.
In considering the propriety of looking to "surrounding circumstances" in evaluating the sufficiency of a notice of proposed termination of employment under the Act, "our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there."Ex parte McCormick, 932 So.2d 124, 132 (Ala. 2005). Section 36-26-103 provides the exclusive means by *Page 588 
which an employer such as Bishop State may terminate employees such as Archible and Soleyn. Under § 36-26-103(a), Bishop State was clearly obligated to provide each employee with a notice of intent to terminate his employment that "state[d] the reasons for the proposed termination" and that "contain[ed] a short and plain statement of the facts showing that the termination [was] taken for one or more of the reasons listed in Section 36-26-102." This statutory requirement is, by its very terms, unconditional, and this Court cannot, under the guise of statutory construction, create any exception to it. We agree with Archible that the Court of Civil Appeals "[d]epart[ed] from the clear language of the notice provisions of the . . . Act to embrace the ambiguous concept of `surrounding circumstances.'" Archible's brief, at 27.
Bishop State's position concerning the consideration of surrounding circumstances by the Court of Civil Appeals is, at best, confusing. First, for example, it argues that the consideration of such circumstances is proper: "Even if the [Act] required] more specifics in the initial notice of intent to terminate, Mr. Archible had knowledge of the specific facts involved in the decision to terminate his employment." Bishop State's brief, at 40-41. However, Bishop State goes on to argue that the hearing officer in Archible's case did not consider any such circumstances: "The Hearing Officer's decisions are solely conclusions of law, based on his review of the facts provided to Mr. Archible in the notice of intent to terminate." Bishop State's brief, at 49. We agree with Archible that the ambiguous concept of "surrounding circumstances" invites confusion. Archible's brief, at 27.
For the foregoing reasons, the judgments of the Court of Civil Appeals are reversed and the cases are remanded for further proceedings consistent with this opinion.
1080179 — REVERSED AND REMANDED.
1080195 — REVERSED AND REMANDED.
COBB, C.J., and LYONS, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs in the result.