THOMAS, Judge.
In 2005, the Alabama State Board of Medical Examiners (“the Board”) filed an administrative complaint against John Anderson King, D.O., a/k/a Christopher W. Martin, D.O. (“King”). After a hearing before the Medical Licensure Commission of the State of Alabama (“the Commission”), the Commission entered an order reprimanding King. On January 2, 2008, the Board filed a second complaint against King. On September 18, 2008, the Commission entered an order revoking King’s li *677 cense (“the license”) to practice osteopathy in Alabama. King appealed that order to this court. This court affirmed, without an opinion, the Commission’s order revoking the license on July 2, -2009. See King v. Medical Licensure Comm’n of Alabama (No. 2080044, July 2, 2009), 58 So.3d 856 (Ala.Civ.App.2009) (table).
In 2010, King filed a request for reinstatement of the license. On December 17, 2010, the Commission held a hearing and entered an order denying King’s request. In 2013, King filed a second request for reinstatement of the license. On February 26, 2014, the Commission held a hearing (“the show-cause hearing”), after which it entered an order denying King’s request on March 6, 2014. King filed a notice of appeal with the Commission on April 4, 2014. King filed a notice of appeal to this court on May 5, 2014, and an amended notice of appeal on May 6, 2014.[1]
King seeks our review of whether the Commission failed to comply with the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq., of whether the evidence presented supports the Commission’s decision, and of whether the Commission abused its discretion.[2]

Standard of Review

“Our review of the Commission’s order is controlled by § 41-22-20(k), Ala. Code 1975. Section 41-22-20(k) states: ‘[T]he [Commission’s] order shall be taken as prima facie just and reasonable and the [reviewing] court shall not substitute its judgment for that of the [Commission] as to the weight of the *678 evidence on questions of fact.’ See also Evers v. Medical Licensure Comm’n, 523 So.2d 414, 415 (Ala.Civ.App.1987). This Court has further defined the standard of review of an agency ruling in Alabama as follows:
“ ‘ “Judicial review of an agency’s administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency’s actions were reasonable, and whether its actions were within its statutory and constitutional powers. Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.” ’
“Ex parte Alabama Bd. of Nursing, 835 So.2d 1010, 1012 (Ala.2001) (quoting Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala.Civ.App.1989)).”
Ex parte Medical Licensure Comm’n of Alabama, 897 So.2d 1093, 1096-97 (Ala.2004).
King argues that the Commission’s order is due to be reversed because it did not include findings of fact or conclusions of law. We agree that King’s case is governed by the AAPA and that he is entitled to any procedural safeguards offered by the AAPA; however, the Commission argues that the AAPA does not proscribe a requirement upon the Commission to enter written findings and conclusions following its denial of a request for reinstatement of a revoked license to practice osteopathy.
The Commission cites Jones v. Alabama State Board of Pharmacy, 624 So.2d 613 (Ala.Civ.App.1993), in support of its position. In Jones, the State Board of Pharmacy revoked Jones’s license. 624 So.2d at 614. Jones appealed the revocation to the circuit court, which dismissed the appeal. Id. Three years later, Jones filed a petition with the Board of Pharmacy seeking reinstatement of his license, and the Board of Pharmacy dismissed the petition. Id. Jones petitioned the circuit court for a writ of mandamus directing the Board of Pharmacy to hold a hearing on his petition. Id. The circuit court dismissed Jones’s petition, and Jones appealed to this court. Id. We determined that Jones was not entitled to the requested relief because, among other reasons, the AAPA “contains [no] provisions relating to reinstatement of a license after revocation.” Id. at 615.
In this case, the Commission revoked the license in 2008. King appealed the revocation to this court; we affirmed the Commission’s decision. Five years later, King filed a petition with the Commission seeking reinstatement of the license, which the Commission denied. King then filed a notice of appeal with this court.
We are not persuaded by King’s argument regarding written findings of fact or conclusions of law. The March 6, 2014, order reads, in pertinent part:
“[King] presented evidence in support of his application. After considering such evidence, the ... Commission finds that [King] has presented insufficient evidence that he is capable of safely practicing medicine in Alabama. Accordingly, it is the Order of [the Commission] that the application for reinstatement of [the] license is due to be and the same is hereby DENIED.”
(Emphasis added.) Section 41-22-16(a), Ala.Code 1975, a part of the AAPA, provides, in pertinent part: “The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated.” First, we do not agree with King that the Commission failed to include findings or conclusions. The order is sufficient to satisfy the requirements of § 41-22-16(a) and (b): it included a finding and a conclusion. Furthermore, although the AAPA *679 requires the inclusion of findings and conclusions for the revocation of a license to practice osteopathy, the AAPA does not require the same for a denial of a request to reinstate a revoked license to practice osteopathy. King’s further argument that § 34-24-361, Ala.Code 1975, provides “specific legislative authority for reinstatement of a license to practice ... osteopathy” is equally unpersuasive. Section 34-24-361 provides the procedural safeguards surrounding a proceeding for the suspension or revocation of a license to practice osteopathy; however, there is no language regarding proceedings on requests to reinstate revoked licenses to practice osteopathy.
Next, King argues that the Commission’s final order is due to be reversed because the evidence presented fails to support the order. We may not substitute our judgment for that of the Commission as to the weight of the evidence on questions of fact. See State Oil & Gas Bd. v. Anderson, 510 So.2d 250, 254 (Ala.Civ.App.1987). Thus, if supporting evidence is found in the record, we are bound to affirm the order.
King stipulated at the show-cause hearing that he bore the burden of proving that the license should be reinstated. Toward that purpose, King presented his own testimony and the testimony of Hobert J. Sharpton, Jr., D.O. King was evasive and reluctant to specifically recount his past “mistakes,” although he admitted that he had committed the errors that had led to the Commission’s decision to revoke the license. King said that he had retained a license to practice osteopathy in Tennessee after the Commission had entered the order that had revoked the license in Alabama and that, for a period, he had worked for a doctor in Chattanooga, Tennessee. However, according to King, he lost his license in Tennessee in 2010 as a result of an order of the Commission. Thereafter, King said that he had worked at two law firms providing legal advice regarding medical issues, as a podiatric assistant in Tennessee, and as a volunteer in Dr. Sharpton’s clinic in Tennessee.
Dr. Sharpton, who knew that the license had been revoked, testified that King had telephoned him to request permission to “shadow” him while he treated patients. Dr. Sharpton said that he had allowed King to shadow him from August 2011 through May 2012, that King was treated like a medical student, that King was an unpaid volunteer, and that the experience was positive for King, for Dr. Sharpton, and for Dr. Sharpton’s patients. Dr. Sharpton said that King was knowledgeable and had displayed a caring attitude toward the patients.
King said that if the Commission reinstated the license, he intended to seek the reinstatement of his license to practice osteopathy in Tennessee and to seek employment with Dr. Sharpton. According to King, that option was available only if the license to practice in Alabama was reinstated by the Commission.
King said that he had completed “well over 300” hours of continuing-education classes in “the last five years”; however, King did not offer any documentary evidence to support his testimony. In response to a question posed by a member of the Commission, King responded that he was not aware of the existence of the “SPEX exam,” which is a professional examination for reinstatement of licenses administered by the National Board of Medical Examiners, and that he was not aware of the existence of the “COMLEX exam,” which is a medical-licensing examination administered by the National Board of Osteopathic Medical Examiners.
The Commission provided King the opportunity to appear at the show-cause hearing and to convince it that the license *680 should be reinstated; King appeared at the show-cause hearing, but he failed to present evidence demonstrating to the Commission that the license should be reinstated. Applying the appropriate standard of review and attendant presumptions to the facts at hand, we conclude that King failed to meet his burden and that the Commission’s order is supported by the evidence presented. See State Oil & Gas Board v. Anderson, supra.
Because the order is supported by the evidence presented, we further conclude that the Commission did not abuse its discretion. The Commission asserts in its appellate brief that the egregious nature of King’s actions that caused the revocation of the license justified its decision to refuse to reinstate the license and that the evidence King presented was “woefully inadequate” to prove that his deficiencies had been remediated. Based upon the record before us, we conclude that the Commission acted within its discretion in refusing King’s request to reinstate the license.
In conclusion, the Commission did not violate the provisions of the AAPA, the evidence presented supports the Commission’s decision, and the Commission did not abuse its discretion. Therefore, we affirm the Commission’s order.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. “Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed,” on pain of dismissal. Eitzen v. Medical Licensure Comm'n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998). Section 41-22-20(d), Ala.Code 1975, provides that a notice of appeal or review must be filed with the rendering agency "within 30 days after the receipt of the notice or other service of the final decision of the agency" or, if administrative rehearing has been sought, within 30 days after the decision on the application for rehearing. In turn, an appealing party must file a petition for judicial review in the reviewing court within 30 days after filing the notice of appeal or review with the rendering agency.
In this case, the reviewing court is this court. "Notwithstanding any other provision of law to the contrary, any action commenced for the purpose of seeking judicial review of the administrative decisions of the Medical Licensure Commission, including writ of mandamus, or judicial review pursuant to the Alabama Administrative Procedure Act, Chapter 22 of Title 4X] must be filed, commenced, and maintained in the Alabama Court of Civil Appeals." § 34-24-367, Ala.Code 1975.
King filed a notice of appeal with the Commission on April 4, 2014, within 30 days after entry of the notice of its final order on March 6, 2014. King then had 30 days, or until May 4, 2014, to file the notice of appeal in this court; however, because May 4 fell on a Sunday, King timely filed the notice of appeal on Monday, May 5, 2014. See § 1-1-4, Ala.Code 1975.

. To the extent that King includes a section in his appellate brief purporting to assert that he suffered a due-process violation, we note that that section does not contain a due-process argument. Regardless, we briefly note that, although we would agree that "[t]he right to engage in the practice of medicine in Alabama is a property right that may be denied only if the denial is consonant with due process of law,” Katz v. Alabama State Bd. of Med. Exam'rs, 351 So.2d 890, 893 (Ala.1977), at all time pertinent to this proceeding King had no professional license. In other words, Kiing had no property right to protect at the show-cause hearing. Furthermore, there can be no dispute that King received notice and an opportunity to be heard by the Commission. See generally Newman v. Town of Fatkville, 652 So.2d 757, 759 (Ala.1994) (explaining that an employee's right to due process was not violated when his employment was terminated after he had received notice and a hearing, because he had no employment contract and, therefore, no property right to violate).