The State Tenure Commission appeals from a judgment of the Mobile Circuit Court reversing an order of the Commission upholding the cancellation of the employment contract of Lucy M. Jackson, a teacher previously employed by the Mobile County Board of School Commissioners ("the school board"). We reverse and remand.
The record reveals that on February 7, 2001, the principal of Howard Elementary School recommended to the Mobile County school superintendent that Jackson, who had been employed as a teacher at Howard Elementary School, be terminated from her employment. The superintendent, in turn, recommended that the school board notify Jackson of the proposed termination; at its February 21, 2001, meeting, the school board unanimously agreed that notice should be sent to Jackson. Jackson was subsequently notified by a letter dated April 4, 2001, and sent by certified mail that the school board had proposed to cancel her employment contract on specified grounds, that she had the right to appear at a hearing, and that *Page 447 
she could contest the proposed cancellation by timely filing notice of her intention to do so.
Jackson subsequently gave notice of her intent to contest the proposed cancellation of her employment contract. On May 16, 2001, the school board held a hearing on whether to cancel Jackson's contract. At that hearing, the school board and Jackson, through counsel, presented evidence and arguments in support of their respective positions. After the hearing, the school board voted 4-0, with one abstention, to terminate Jackson on the bases of incompetence, neglect of duty, and "other good and just cause."
Pursuant to § 16-24-10(b), Ala. Code 1975, Jackson sought review by the Commission of her termination by the school board. A transcript of the proceedings before the school board and copies of the parties' evidentiary exhibits were transmitted to the Commission, and the parties filed briefs and presented oral argument. On August 30, 2001, the Commission issued an order upholding the cancellation of Jackson's employment contract, finding that the cancellation "was in accordance with the tenure law and was neither arbitrarily unjust nor for personal or political reasons."
Jackson then filed a petition for a writ of mandamus in the circuit court seeking a reversal of the decision of the Commission. The circuit court, after a hearing, entered a judgment on April 1, 2002, issuing the writ, determining that the cancellation had been improper because the April 4, 2001, notice sent by the school board had improperly failed to specify "poor attendance" or "absenteeism" as grounds for proposing the termination of Jackson's contract. The circuit court subsequently denied the Commission's motion to alter, amend, or vacate its judgment. The Commission appeals.
As we noted in State Tenure Commission v. Pike County Board ofEducation, 349 So.2d 1173 (Ala.Civ.App. 1977), "[t]he statutory duty to administer and supervise the public schools in a county is charged to the county board of education," and "[t]he setting of educational policy and the conduct and management of the schools is the responsibility of the county board of education."349 So.2d at 1175. Those responsibilities necessarily include personnel decisions, such as whether to cancel the contract of a teacher on continuing-service status, such as Jackson, for cause. To that end, § 16-24-8, Ala. Code 1975, provides, in pertinent part, that the employment contract of any teacher on continuing-service status "may be [canceled] for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, justifiable decrease in the number of teaching positions or other good or just cause."
By statute, the action of the Commission upholding Jackson's dismissal by the school board for cause is "final and conclusive" unless it is "unjust" or is not in compliance with laws governing teacher tenure. Ala. Code 1975, § 16-24-38. Although Jackson was authorized to seek mandamus review in the circuit court of the Commission's decision, that review was "`limited to two determinations, first, whether the Tenure Commission's action was made in compliance with the provisions of the chapter, and second, whether th[at] action was unjust.'" Ex parte AlabamaState Tenure Comm'n, 555 So.2d 1071, 1072 (Ala. 1989) (quotingSumter County Bd. of Educ. v. Alabama State Tenure Comm'n,352 So.2d 1137, 1138 (Ala. 1977)). Our Supreme Court has stated that "the decision of the Commission should not be reversed unless theoverwhelming weight of the evidence dictates otherwise." Exparte Alabama State Tenure *Page 448 Comm'n, 555 So.2d at 1073 (emphasis added).
Neither in the circuit court or in this court has Jackson contended that the Commission's decision is against the overwhelming weight of the evidence, and the trial court's judgment issuing the writ of mandamus to reverse the Commission's order upholding Jackson's termination was not based upon a determination that the evidence is insufficient. Rather, Jackson's challenge to her termination at each level of administrative and judicial review has consistently focused upon whether that termination was in compliance with applicable law. Specifically, she contends that her termination is invalid because, she says, (1) the school board did not provide proper written notice of the reasons upon which it sought to rely for canceling her employment contract, in contravention of § 16-24-9, Ala. Code 1975, and (2) the school board violated the Education Employees Records Act, § 16-22-14, Ala. Code 1975, by failing to provide her with records critical of her performance. We will address these two contentions in turn.
Section 16-24-9, Ala. Code 1975, states that an employing authority may cancel a tenured teacher's employment contract after giving that teacher notice in writing "stating in detail the reasons for the proposed cancellation" and naming a time and place for a hearing at which the teacher may answer the notice. In this case, the school board stated the following specific reasons for Jackson's termination in its April 4, 2001, notice to Jackson:
"INCOMPETENCY
 "You did not manage your class time or your students' behavior in such a manner that maintained a learning environment. You were unable to implement good instructional strategies and suggestions that would have improved your teaching. You did not maintain discipline in your classroom. On at least two (2) occasions teaching strategies for improvement were pointed out to you, but you were unable to implement the suggestions of other teachers. Improper testing procedures were used in your classroom.
"NEGLECT OF DUTY
 "It was pointed out to you that you needed to write instructions for your lesson plans, but you failed to do so. You were given suggestions for managing class time, but you were unable to implement those suggestions. On more than one occasion you left class without notifying your principal or arranging for a substitute. You were late for morning duty.
"OTHER GOOD AND JUST CAUSES
 "You insisted on using old lesson plans or did not write lesson plans. You were late for morning duty. You did not turn in your lesson plans. You showed no evidence of instructional planning. You used letter grades instead of using numerical grades despite having been instructed to use numerical grades."
The principal of Howard Elementary School testified before the school board that she had based her recommendation to terminate Jackson's employment in part upon Jackson's "[p]oor attendance" and because of difficulties in having a substitute teacher replace Jackson because no lesson plans had been left for the substitute to use.[1] Although Jackson contends that "poor attendance" is not separately listed in the April 4, 2001, notice as a *Page 449 
ground for termination, the school board was not required to provide a detailed statement of the evidence that would be presented against Jackson. See Dunson v. Alabama State TenureComm'n, 653 So.2d 995, 998 (Ala.Civ.App. 1994). The charges specified in the school board's notice were sufficiently detailed to provide an adequate opportunity for Jackson to prepare a defense to those charges, see Sanders v. Broadwater,402 So.2d 1035, 1036 (Ala.Civ.App. 1981); thus, the circuit court erred in reversing the Commission's decision because of the school board's failure to use the specific words "poor attendance" or "absenteeism" in its April 4, 2001, notice to Jackson of the school board's proposal to cancel her employment contract.
We cannot agree with Jackson that the circuit court's judgment should be affirmed on the alternative basis that § 16-22-14, Ala. Code 1975, mandates reversal of the Tenure Commission's decision. Subsection (e) of that statute provides that "materials pertaining directly to [an educational employee's] work performance may be placed in the record of the employee," and adds that "all materials to be placed in an employee's record
which may tend to diminish the employee's professional or work status or reflect adversely on the employee's record of performance or character shall be provided to the employee" (emphasis added). Those provisions afford discretion to school administrators in making entries in an employee's personnel record — they permit an administrator to include in a teacher's personnel file something less than every complaint, regardless of merit, made against the teacher.
Jackson complains that records other than those contained in her personnel file or those provided to her in the course of her employment were improperly admitted at the hearing before the school board, including computer entries made by the principal and assistant principal of Howard Elementary School concerning their personal perceptions of Jackson's job performance or their recollections of certain incidents involving Jackson. Assuming, without deciding, that the original creation or retention of such materials by school administrators would contravene §16-22-14(e), we note that administrative boards such as the school board and the Tenure Commission "are not restricted to a consideration of evidence which would be legal in a court of law and may consider evidence of probative force even though it may be hearsay or otherwise illegal." Estes v. Board of FuneralServ., 409 So.2d 803, 804 (Ala. 1982) (emphasis added). A review of the record shows that the challenged materials were corroborative of testimony offered before the school board by the principal and the assistant principal that tended to prove that Jackson was, in fact, guilty of the acts and omissions specified in the school board's April 4, 2001, notice. To the extent that the school board may have deemed the challenged materials to be probative evidence warranting the cancellation of Jackson's employment contract, it did not err in admitting them.
Because it is undisputed by the parties that the Commission's order upholding the school board's cancellation of Jackson's employment contract is not contrary to the overwhelming weight of the evidence, and because Jackson has not demonstrated that her termination was not in compliance with teacher-tenure laws, the trial court's judgment in favor of Jackson on her petition for a writ of mandamus to the Commission is due to be reversed. The cause is remanded for the entry of a judgment denying the writ of mandamus.
REVERSED AND REMANDED WITH INSTRUCTIONS. *Page 450 
THOMPSON, J., concurs.
MURDOCK, J., concurs in the result.
YATES, P.J., and CRAWLEY, J., dissent.
[1] Jackson's counsel did not object to that testimony.