Lucy M. Jackson seeks review of a judgment of the Alabama Court of Civil Appeals reversing the issuance by the Mobile Circuit Court of a writ of mandamus ordering the Alabama State Tenure Commission ("the Commission") to reverse its decision to uphold Jackson's termination as a public school teacher. We affirm.
Lucy Jackson was a teacher at Howard Elementary School in Mobile. The principal at Howard Elementary recommended that Jackson's employment be terminated, and the Mobile County School Board voted 4-0 to terminate her employment. Jackson appealed her termination to the Commission. As part of discovery during her appeal, she requested all documents that would be presented against her at the Commission's hearing. She was timely provided with those documents and with summaries of the testimony that would be presented against her at the hearing. Many of the documents came from her personnel file — to which all public-school teachers have access upon request.[1]
However, some of the documents had been retained outside her personnel file; Jackson was unaware of the existence of those documents until the documents were provided to her pursuant to her discovery request. After the hearing, the Commission upheld the decision of the school board to terminate Jackson's employment.
Jackson petitioned the Mobile Circuit Court for a writ of mandamus ordering the Commission to reverse its decision. The circuit court issued the writ, holding that Jackson was not properly notified of the grounds of her termination. The Commission appealed to the Court of Civil Appeals, which reversed the judgment of the trial court issuing the writ. State TenureComm'n v. Jackson, 881 So.2d 445 (Ala.Civ.App. 2003). Judge Pittman, writing for the court, stated that the notice provided to Jackson of the grounds of her termination was sufficient. That court also rejected an alternative argument made by Jackson that the Board violated Ala. Code 1975, § 16-22-14, by not providing Jackson with copies of all records concerning her work performance.
The relevant portions of § 16-22-14 are as follows:
 "(a) Definitions. When used in this section, the following words shall have the following meanings:
"(1) Employee. Any person employed by a school board.
". . . .
 "(5) Personnel Record. All records, information, data, or materials pertaining to an employee kept by the executive officer of the school board or other employees of the school board in any form or retrieval system whatsoever.
". . . .
 "(b) Establishment and maintenance of records. Each board shall establish and maintain a personnel file
on each employee. . . .
 "(c) Employee access and response. The employee . . . may, upon request, review all of the contents in his or her personnel file and receive copies of any documents contained in the file. No document shall be withheld from the employee. . . .
". . . .
 "(e) Work performance records. Any materials pertaining directly to work performance may be placed in the record *Page 452 of the employee and a copy of the materials shall be provided to the employee. Statements, reports, and comments relating to work performance, disciplinary action against the employee, suspension of the employee, or dismissal of the employee shall be reduced to writing and signed by a person reasonably competent to know the facts or make a judgment as to the accuracy of the subject information. Additional information related to the written materials previously placed in the personnel file may be attached to the material to clarify or amplify them as needed. A copy of all materials to be placed in an employee's record which may tend to diminish the employee's professional or work status or reflect adversely on the employee's record of performance or character shall be provided to the employee."
(Emphasis added.)
Jackson argues that § 16-22-14(e) requires that any and all documents relating to her employment performance be placed in her personnel file and made available to her upon request. She argues that various documents that were not placed in her personnel file but used against her in the termination hearing were "illegally obtained" evidence and the use of those documents at the hearing violated her right to due process.
This Court interprets statutes according to traditional rules of statutory construction. First, we try to apply the statute based upon the plain meaning of the words used in the statute.DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270,275 (Ala. 1998). When the words are confusing or conflicting, we resort to other rules courts have formulated to most faithfully interpret the statute. DeKalb, 729 So.2d at 276. The statute we are now charged with construing is quite confusing and internally inconsistent; we encourage the Legislature to reexamine and to clarify it.
One example of the confusion in the statute will suffice. The Legislature defined the term "personnel record," but then never used the term in that section. The initial reaction would be to read the term "personnel file," which is used many times in the section, as the equivalent of "personnel record." However, this construction yields a nonsensical conclusion: any materials directly pertaining to work performance may be placed in the record of the employee, but the "record" by definition
contains all"records, information, data, or materials pertaining to an employee kept . . . in any form or retrievalsystem whatsoever." (Emphasis added.) This language creates a black hole, sucking all "records, information, data or materials" into the "optional" record. That is, the permissive language of the statute is overwhelmed by the language broadly defining what is by its very nature part of the "record," no matter where it is kept. It is difficult to interpret this statute; however, for the reason stated below we need not attempt to do so in this case.
Jackson claims that some of the records at issue were "unlawfully obtained" and that their later production for use at the termination hearing before the Commission violated her right to due process. However, we see nothing wrong with the actual "collection" of these records. Jackson does not argue that the information contained in the record was not collectible. Rather, she seems to argue that the records were unlawfully "retained," because their retention anywhere outside her "personnel file" was inconsistent with § 16-22-14. Therefore, she argues, the admission of those records as evidence at the termination hearing before the Commission was unjust. *Page 453 
Even assuming that the retention of the records violates §16-22-14, Jackson's argument lacks merit, because she asserts no recognizable injury stemming from this alleged violation. Due process requires notice and a hearing. Jackson was given advance notice of all documents to be used in her termination hearing: those in her personnel file and those kept elsewhere. She was given a hearing at which she had a full opportunity to respond to the factual content of those documents. Because she received all that is required for due process, her due-process claim is without merit. We affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
BROWN, J., concurs in the result.
JOHNSTONE, J., dissents.
[1] See Ala. Code 1975, § 16-22-14(c).