MOORE, Judge.
 

 In these consolidated appeals, we consider the notice provision of Ala.Code 1975, § 36-26-103, as amended by Ala. Acts 2004, Act No. 2004-567, § 1. On August 1, 2007, Bishop State Community College issued letters of intent to terminate the pay and employment of Angelo Archible and James Soleyn. Subsequently, Bishop State terminated the employment of Archible and Soleyn (sometimes hereinafter referred to collectively as “the employees”) based on the reasons set out in the letters. In addition, Bishop State terminated the pay of the employees on the ground that the acts justifying their terminations constituted moral turpitude. The employees contested their terminations and requested post-termination hearings pursuant to the Fair Dismissal Act, Ala.Code 1975, § 36-26-100 et seq. Both cases were ultimately dismissed by the respective hearing officer assigned to each case on the ground that Bishop State had failed to properly notify the employees of the reasons for their terminations in violation of Ala.Code 1975, § 36-26-103(a), and due process. Bishop State timely requested appellate review in both cases,
 
 [1]
 
 which this court granted on February 26, 2008, and April 29, 2008, respectively.
 

 
 *579
 

 The Facts in Appeal No. 2070379
 

 On August 1, 2007, James Lowe, Jr., the interim president of Bishop State, issued a letter addressed to Archible. In that letter, Lowe stated:
 

 “The purpose of this correspondence is to inform you (1) that I intend to terminate your employment with [Bishop State], and (2) that I intend to terminate your compensation on the basis of moral turpitude in accordance with the Fair Dismissal Act....
 

 “The termination of your employment with Bishop State is proposed for the following reasons as authorized by Code of Alabama (1975), § 36-26-102: failure to perform your duties in a satisfactory manner, immorality, and/or other good and just causes. The facts which support my decision to terminate your employment with Bishop State are as follows:
 

 “You committed financial improprieties in relation to the awarding of financial aid and scholarships.”
 

 The letter continued:
 

 “The Fair Dismissal Act requires that pay be provided to employees until a hearing officer affirms the decision to terminate his or her employment, except in cases involving moral turpitude.
 
 Ala. Code
 
 § 36-26-103(b). Your conduct described above which forms the basis of my intent to terminate your employment with Bishop State rises to the level of moral turpitude. Therefore, I intend to terminate your compensation from Bishop State.”
 

 The letter proceeded to notify Archible of a pre-termination conference to be held on August 29, 2007, to provide him an opportunity to discuss Bishop State’s proposed termination. The letter advised Archible that if he wanted the meeting to take place, he needed to file a request within 15 days after the date he received the letter.
 

 On September 10, 2007, Lowe wrote a second letter to Archible, stating, in pertinent part:
 

 “Since I did not receive a notice from you requesting a pre-termination conference within 15 days of your receipt of my August 1, 2007 letter to you notifying you of my intent to terminate your employment and compensation from [Bishop State], I assume that you do not wish to meet with me to discuss your proposed termination. Therefore, after much careful deliberation, you are hereby given notice of my decision to terminate your employment and compensation from Bishop State for the reasons
 
 *580
 
 set forth in my August 1, 2007 letter to you.”
 

 The letter further informed Archible of his right to contest his termination by filing a written notice within 15 days.
 

 Archible exercised his right to contest his termination. Thereafter, the parties selected a hearing officer. On October 22, 2007, Archible filed a motion to stay further proceedings regarding his contest of the termination. Archible asserted in that motion that criminal charges “directly related to the alleged grounds for termination of his employment in the above styled case” were pending against him and 25 other Bishop State employees but that those charges had not yet been presented to a grand jury. Archible’s criminal attorneys had advised Archible against testifying in the termination hearing until his criminal matters had been resolved. Ar-chible requested that the hearing be stayed in order to assure that he would not incriminate himself by testifying in the termination hearing. Based on that motion, and Bishop State’s acquiescence, the hearing officer stayed the hearing.
 

 Eleven days later, on November 2, 2007, Archible filed a “Motion to Reinstate Pay for [Bishop State’s] Failure to Provide Due Process.” In that motion, Archible argued that Bishop State had not provided him “a short and plain statement of the alleged facts and charges against him” as required by the Fair Dismissal Act,
 
 see
 
 § 36-26-103(a), and by constitutional due process. Archible requested the hearing officer to order Bishop State to reinstate his pay and to provide the required statement of facts supporting its reasons for terminating Ar-chible’s employment. Bishop State responded on November 16, 2007, that its August 1 and September 10, 2007, letters had complied with the notification provisions of the Fair Dismissal Act and that Archible had acknowledged in his motion to stay that his employment and pay was being terminated based on the same facts for which he was under criminal investigation.
 

 On January 4, 2008, the hearing officer issued a 15-page decision in which he concluded that the purpose of the “short and plain statement” provision contained in § 36-26-103(a) is to “simply place the employee on notice of the circumstances and the nature of the activities of his alleged violations.” The hearing officer decided that the notice need not be as detailed as “charges and specifications,” but must be sufficient to “create a material and clear ‘[b]urden of [p]roof for the Employer and an equally material and clear ‘[position of [d]efense’ for the [e]mployee,” Based on that understanding, the hearing officer concluded that the notice provided by Bishop State was insufficient to fairly apprise Archible of the factual basis for his termination. The hearing officer ordered Bishop State to reinstate Archible with backpay and benefits until such time as the termination process was reinitiated with an appropriate notice.
 

 Bishop State filed a motion on January 18, 2008, requesting that the hearing officer clarify whether he had dismissed the entire case or had simply ruled that Bishop State must amend its notice. The hearing officer issued a ruling on January 22, 2008, indicating that it had finally adjudicated the case and had rescinded the earlier termination.
 

 The Facts in Appeal No. 2070670
 

 On May 18, 2007, Yvonne Kennedy, then president of Bishop State, issued a letter to Soleyn informing him that he was being placed on administrative leave based on criminal charges filed against him by the Mobile County District Attorney on May 8, 2007. While still on leave without pay, Soleyn received a letter from Lowe dated
 
 *581
 
 August 1, 2007. The August 1 letter contained the identical language as the letter Lowe sent to Archible, except the letter stated:
 

 “The facts which support my decision to terminate your employment with Bishop State are as follows:
 

 “You committed financial improprieties in relation to the receiving of financial aid and scholarships.”
 

 Unlike Archible, Soleyn attended the pre-termination conference offered by Bishop State on August BO, 2007. At that conference, Soleyn’s attorney complained that Soleyn had not been provided sufficient notice of the specific acts of financial impropriety Bishop State was relying upon to terminate Soleyn’s employment and his pay. Bishop State’s attorney responded essentially that Soleyn had criminal charges pending against him for financial improprieties committed at Bishop State and that his employment and pay were being terminated for the same acts for which he had been criminally charged.
 

 On November 8, 2007, Bishop State issued Soleyn a second letter notifying him that his employment and pay had been terminated in accordance with the grounds outlined in the August 1, 2007, letter. So-leyn contested his termination. After the parties selected a hearing officer, Soleyn filed a motion to dismiss or, in the alternative, to reinstate his pay. On March 25, 2008, the hearing officer granted Soleyn’s motion, adopting the January 4, 2008, decision issued by the hearing officer in the Archible case, and dismissed the case.
 

 Standard of Review
 

 The basic question before the court is whether the hearing officers erred in rescinding the employees’ terminations on the ground that Bishop State had failed to provide the employees proper notice of the factual bases for the termination of their employment and their pay. In resolving that question, we review only the hearing officers’ conclusions of law and their application of law to the facts. As such, our standard of review is
 
 de novo. Barngrover v. Medical Licensure Comm’n of Alabama,
 
 852 So.2d 147, 152 (Ala.Civ.App. 2002) (stating that the presumption of correctness typically afforded a hearing officer’s decision in an administrative proceeding does not attach to the hearing officer’s conclusions of law or to his or her improper application of the law to the facts).
 

 Analysis
 

 Before 2004, the Fair Dismissal Act required that a notice of intent to terminate “stat[e] in detail the reasons for the proposed termination, [and] the facts upon which such reasons are based .... ” Ala. Code 1975, § 36-26-103. In 2004, the legislature amended the Fair Dismissal Act so that it now currently provides, among other things, that a notice of intent to terminate
 

 “shall state the reasons for the proposed termination, [and] shall contain a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 36-26-102, [Ala.Code 1975.]”
 

 Ala. Acts 2004, Act No. 2004-567, § 1 (now codified as Ala.Code, § 36-26-103(a)).
 

 Bishop State argues that the change in the terminology used in § 36-26-103(a) evinces a legislative intention to reduce the quantum of information that must be contained in a notice of intent to terminate the employment of a nonprobationary employee who is subject to the Fair Dismissal Act. However,
 

 “[i]t is to be presumed that the ‘Legislature does not intend to make any change in the existing law beyond what is expressly declared,’ and ‘the presumption
 
 *582
 
 is against any radical change of legislative policy.’ 2 Lewis’ Sutherland Stat. Constructions (2d Ed.) 931. ‘Reviewers of statutes are presumed not to change the law if the language which they use fairly admits of a construction which makes it consistent with the former statutes; and it is a well-settled rule that in the revision of statutes neither an alteration in phraseology nor the addition or omission of words in the latter statute shall be held necessarily to alter the construction of the former act, excepting where the intent of the Legislature to make such change is clear. But where no effect can be given to the new language in any other manner, the law will be construed to be changed.’ 36 Cyc. 1067, 1068.”
 

 Western Union Tel. Co. v. South & North Alabama R.R.,
 
 184 Ala. 66, 87, 62 So. 788, 794 (1913);
 
 see also City of Pinson v. Utilities Bd. of Oneonta,
 
 986 So.2d 367, 373 (Ala.2007).
 

 The pre-2004 requirement in the Fair Dismissal Act that an employing authority “stat[e] in detail the reasons for the proposed termination” tracked the pre-2004 language in the Teacher Tenure Act stating that an employing authority may cancel a tenured teacher’s employment contract after giving that teacher notice in writing “stating in detail the reasons for the proposed cancellation.” Ala.Code 1975, § 16-24-9. In
 
 State Tenure Commission v. Jackson,
 
 881 So.2d 445 (Ala. Civ.App.2003), this court recognized that a teacher received sufficient notice under the former version of § 16-24-9 when the charges specified in the employing school’s written notice were “sufficiently detailed to provide an adequate opportunity for [the teacher] to prepare a defense to those charges.” 881 So.2d at 449. Because the pre-2004 version of the Teacher Tenure Act used nearly identical language as the pre-2004 version of the Fair Dismissal Act, the holding in
 
 Jackson
 
 applies equally to the pre-2004 version of the Fair Dismissal Act.
 

 In adopting different language requiring only “a short and plain statement of the facts” relating to the reasons for the termination, the current version of the Fair Dismissal Act now tracks the language of the Alabama Administrative Procedure Act.
 
 See
 
 Ala.Code 1975, § 41-22-12(b)(4) (“The notice shall include: ... (4) [a] short and plain statement of the matters asserted.”). Similar language, which appears in state administrative-procedure acts throughout the country, has been construed to require, at a minimum, that the notice alert the affected party of the claims of the governmental agency so that the party has a reasonable opportunity to defend against those claims.
 
 See, e.g., Lucero v. Mathews,
 
 901 P.2d 1115 (Wyo.1995); and
 
 Rasky v. Department of Registration & Educ.,
 
 87 Ill.App.3d 580, 585, 410 N.E.2d 69, 75, 43 Ill.Dec. 69, 75 (1980) (holding that charges in an administrative hearing do not have to be drawn with the same precision as judicial pleadings, but “need only be drawn sufficiently so that the alleged wrongdoer is reasonably apprised of the case against him to intelligently prepare his defense”). Therefore, the difference in the language contained in the notice provision in the pre-2004 version of the Fair Dismissal Act and the current version of that act appears to be merely semantical and not substantive.
 

 The requirements of the pre-2004 version of the Fair Dismissal Act met the minimum requirements of due process as established in such United States Supreme Court cases as
 
 Goldberg v. Kelly,
 
 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and
 
 Cleveland Board of Education v. Loudermill,
 
 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). To hold that the
 
 *583
 
 current version requires less information than the former version would be to construe the statute so that it falls below baseline constitutional standards.
 

 “ ‘It is the duty of the court to construe a statute so as to make it harmonize with the constitution if this can be done without doing violence to the terms of the statute and the ordinary canons of construction.’
 
 Almon v. Morgan County et al.,
 
 245 Ala. 241, 16 So.2d 511, 516 [ (Ala.1944) ]. A statute can be adopted without expressly containing provisions which meet constitutional requirements but in such terms as not to exclude them, and so to justify a court in holding that the statute was intended to be subject to such requirements and considered as embodied in the statute.”
 

 Board of Educ. of Choctaw County v. Kennedy,
 
 256 Ala. 478, 482, 55 So.2d 511, 513 (1951).
 

 Therefore, we conclude that the changes in the language of the notice provision in the Fair Dismissal Act do not evidence a clear legislative intent to change prior law. In relation to the termination of the employees’ employment, Bishop State was required to provide the employees notice of the reasons for their terminations in sufficient detail to provide them an adequate opportunity to prepare a defense to those charges. In the January 4, 2008, decision in Archible’s case, which was adopted by the hearing officer in So-leyn’s case, the hearing officer described the notice as being sufficient when it “creates a material and clear ‘[bjurden of [pjroof for the [ejmployer and an equally material and clear ‘[pjosition of [djefense’ for the [e]mployee.” We believe that standard is consistent with Alabama law. It merely states that the notice must be sufficient to apprise the employee of the grounds for termination the employer intends to prove and against which the employee will have to defend.
 

 Based on that standard, an employing authority subject to the Fair Dismissal Act may not simply recite a statutory ground for termination, but must notify the employee of the factual bases underlying that ground.
 
 See County Board of Educ. of Clarke County v. Oliver,
 
 270 Ala. 107, 109, 116 So.2d 566, 567 (1959) (letter notifying teacher that her employment was being terminated due to unsatisfactory work and incompetency was not sufficiently detailed); and
 
 Gardner v. Alabama State Tenure Comm’n,
 
 553 So.2d 606, 607 (Ala.Civ.App.1989) (school board failed to comply with statutory notice requirement by informing teacher his employment was being terminated for “incompetency, neglect of duty, and other good and just cause”). However, the employer need not provide a detailed statement of the evidence that would be presented against the employee at a termination hearing to prove the factual basis for the termination.
 
 Jackson,
 
 881 So.2d at 449.
 

 In relation to the termination of pay, Ala.Code 1975, § 36-26-103(b), states that “no pay shall be provided [during the contest of a termination] in cases involving moral turpitude.” The same due-process concerns that require sufficient notice of the reasons for terminating the employment of an employee covered by the Fair Dismissal Act also require sufficient notice of the reasons for terminating the employee’s pay on the basis of moral turpitude. However, if the employer relies on the same facts to support the termination of pay as those supporting its decision to terminate employment, neither the statute nor due process requires the employer to submit a separate statement of facts relating to the pay issue. The notice simply must meet the same constitutional standard as outlined above.
 

 
 *584
 
 In appeal number 2070879, Bishop State notified Archible in its August 1, 2007, letter that it intended to terminate his employment for several of the statutory grounds contained in § 36-26-102: “failure to perform your duties in a satisfactory manner, immorality, and/or other good and just causes.” Bishop State also informed Archible that it intended to terminate his pay for his acts of moral turpitude. Bishop State further advised Archi-ble of the factual basis for the grounds asserted: “financial improprieties relating to the awarding of financial aid and scholarships.” From that information, Archible was able to discern that the grounds for termination of his employment and his pay directly related to criminal charges pending against him and that his testimony in defending the grounds for termination could incriminate him. Based on the content of the notice and the surrounding circumstances, it is apparent that Bishop State provided Archible sufficient information of the misconduct and moral turpitude it intended to prove so as to enable Archi-ble to defend against those charges.
 

 Likewise, in appeal number 2070670, Bishop State advised Soleyn of the statutory grounds and factual basis for its decision to terminate his employment and his pay. Soleyn also had criminal charges pending against him relating to alleged financial improprieties committed at Bishop State and had been on administrative leave without pay for almost three months when he was notified by Lowe of Bishop State’s intent to terminate his employment and his pay. The content of the notice, along with the surrounding circumstances, provided Soleyn sufficient information so that he could properly prepare his defense.
 

 Although we conclude that the hearing officers did not err in construing the notice provision of § 36-26-103(a), we conclude that the hearing officers did err in applying the law to the undisputed facts. Accordingly, we reverse the decisions entered by the hearing officers and remand the cases for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.
 

 [1]
 

 . Soleyn raises an issue regarding our jurisdiction to hear Bishop State's appeal in case number 2070670. He first argues that the March 25, 2008, judgment from which Bishop State appeals is not final because Bishop State filed a “motion to reconsider" on April 15, 2008. The Fair Dismissal Act does not expressly provide for rehearings, but it provides that once a hearing officer issues a “final decision,” the only remedy is to appeal.
 
 See
 
 § 36-26-104(b), Ala.Code 1975. Rule 81(b), Ala. R. Civ. P., clarifies that the Rules of Civil Procedure, which do allow for motions to alter, amend, or vacate a judgment through Rule 59, do not apply to "any proceeding in which the adjudication of the
 
 *579
 
 controversy is by any selected individual or individuals,” which is the case here. The supreme court has recognized that some adjudicatory bodies have inherent power to reconsider their decision, but that such inherent power may not be applied to an action that cannot be set aside or if reconsideration is precluded by law.
 
 See Ex parte Baldwin County Comm’n, 526
 
 So.2d 564 (Ala.1988). Assuming, without deciding, that a hearing officer in a Fair Dismissal Act case has the inherent power to reconsider its final order, we find, based on the language of § 36-26-104(b) and the stated purpose of the 2004 amendments to the Fair Dismissal Act "to streamline the contest and appeal processes for employees," Ala. Acts 2004, Act No. 2004-567 (Title), that the legislature has removed such inherent power. Therefore, we conclude that the motion filed by Bishop State on April 15, 2008, did not affect the finality of the hearing officer's March 25, 2008, decision.
 

 Soleyn also argues that Bishop State may have filed its appeal beyond 21 days from the receipt of the hearing officer's final decision, the deadline for appeals from final decisions in Fair Dismissal Act cases established in § 36-26-104(b). Bishop State alleges it received the final decision on March 28, 2008, which Soleyn does not dispute. Bishop State filed its appeal in this court on April 18, 2008, exactly 21 days later. Therefore, the appeal is timely.