MOORE, Judge.
 

 This court, on October 24, 2008, reversed the decisions entered by the hearing officer in case numbers FMCS 07-4797 and FMCS 08-1166.
 
 See Bishop State
 
 
 *590
 

 Cmty. Coll. v. Archible,
 
 33 So.3d 577 (Ala.Civ.App.2008). On certiorari review, the supreme court reversed this court’s judgments, concluding that this court had erred in considering the “ ‘surrounding circumstances’ in evaluating the sufficiency of a notice of proposed termination of employment under the [Fair Dismissal] Act[, Ala.Code 1975, § 36-26-100 et seq.,]” and it remanded the cases to this court for further proceedings.
 
 Ex parte Soleyn,
 
 33 So.3d 584, 587 (Ala.2009). Pursuant to the supreme court’s opinion, we now proceed to determine whether, under the Fair Dismissal Act, Ala.Code 1975, § 36-26-100 et seq. (“the Act”), each of the notices of proposed termination of employment at issue in these cases “contains a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 36-26-102[, Ala.Code 1975].” Ala.Code 1975, § 36-26-103(a).
 

 In appeal number 2070379, the notice of proposed termination provided to Angelo Archible contained the following “short and plain statement of the facts” purporting to show that “the termination is taken for one or more of the reasons listed in Section 36-26-102:”
 

 “The termination of your employment with Bishop State is proposed for the following reasons as authorized by Code of Alabama (1975), § 36-26-102: failure to perform your duties in a satisfactory manner, immorality, and/or other good and just causes. The facts which support [the] decision to terminate your employment with Bishop State are as follows:
 

 “You committed financial improprieties in relation to the awarding of financial aid and scholarships.”
 

 In appeal number 2070670, the notice of proposed termination provided to James Soleyn contained the following language:
 

 “The termination of your employment with Bishop State is proposed for the following reasons as authorized by Code of Alabama (1975), § 36-26-102: failure to perform your duties in a satisfactory manner, immorality, and/or other good and just causes. The facts which support [the] decision to terminate your employment with Bishop State are as follows:
 

 “You committed financial improprieties in relation to the receiving of financial aid and scholarships.”
 

 This court has held that, in order to afford minimal due process to an employee under the Act, the notice of proposed termination must advise the employee ‘“of the cause or causes for his [or her] termination in sufficient detail to fairly enable him [or her] to show any error that may exist.’ ”
 
 State Tenure Comm’n v. Page, 777
 
 So.2d 126, 131 (Ala.Civ.App.2000) (quoting
 
 James v. Board of School Comm’rs of Mobile County,
 
 484 F.Supp. 705, 715 (S.D.Ala.1979), quoting in turn
 
 Stewart v. Bailey,
 
 556 F.2d 281, 285 (5th Cir.1977));
 
 see also State Tenure Comm’n v. Jackson,
 
 881 So.2d 445, 449 (Ala.Civ.App.2003) (stating that the notice of proposed termination should be “sufficiently detailed to provide an adequate opportunity for [the employee] to prepare a defense to those charges”). In the present cases, the notices of proposed termination do not meet the requirement of setting forth a “short and plain statement of the facts.” Neither notice set forth what “financial improprieties” had been committed so as “to provide an adequate opportunity for [the employees] to prepare a defense to those charges.”
 
 Jackson,
 
 881 So.2d at 449. The language used is so vague as to fall
 
 *591
 
 below the minimum due process that must be afforded an employee under the Act.
 

 Bishop State Community College (“Bishop State”) also argues that the hearing officer erred in dismissing the termination proceedings without conducting a hearing. Specifically, with regard to appeal number 2070379, Bishop State argues that the hearing officer erred in dismissing the termination proceeding because Arehi-ble, the employee in that proceeding, had not requested that relief. We disagree. Although the Act provides for a
 
 de novo
 
 hearing, we conclude that, to read the Act as prohibiting a hearing officer from dismissing a proceeding without a hearing on the merits when the requisite notice of termination fails as a matter of law would thwart the very purpose of the Act — “ ‘ “to provide non-teacher employees a fair and swift resolution of proposed employment terminations.” ’ ”
 
 South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d 309, 314 (Ala.Civ.App.2008) (quoting
 
 Gainous v. Tibbets,
 
 672 So.2d 800, 803 (Ala.Civ.App.1995), quoting in turn
 
 Bolton v. Board of Sch. Comm’rs of Mobile County,
 
 514 So.2d 820, 824 (Ala.1987)). The Act must be “ ‘ “liberally construed to effectuate its purpose.” ’ ”
 
 Id.
 
 Thus, we decline to reverse the hearing officer’s determination on this point.
 

 Bishop State next argues that the hearing officer erred in ordering Bishop State to pay any medical expenses and other expenses that the employees sustained while they were not receiving pay. We disagree. Our supreme court has held that “ ‘[bjackpay for a reinstated public employee includes the value of fringe benefits that the employee did not receive while [he or] she was not at work.’ ”
 
 Bishop State Cmty. Coll. v. Douglas,
 
 35 So.3d 617, 622 (Ala.Civ.App.2009) (quoting
 
 Whitlow v. City of Birmingham,
 
 689 So.2d 107, 109 (Ala.Civ.App.1996)). Thus, we find no error on this point.
 

 Finally, Bishop State requests that this court determine whether it is permitted to reinitiate the termination proceedings on the same grounds by providing new notices of termination. The employees argue, however, that this issue is not ripe for review. “Ripeness is defined as ‘[t]he circumstance existing when a case has reached, but has not passed, the point when the facts have developed sufficiently to permit an intelligent and useful decision to be made’ or ‘[t]he requirement that this circumstance must exist before a court will decide a controversy.’ ”
 
 Ex parte Safeway Ins. Co. of Alabama, Inc.,
 
 990 So.2d 344, 352 n. 5 (Ala.2008) (quoting
 
 Black’s Law Dictionary
 
 1353 (8th ed.2004)). In the present cases, we note that Bishop State has not yet attempted to reinitiate the termination proceedings. Thus, we conclude that the circumstances do not exist so as to permit this court to decide this issue.
 

 Based on the foregoing, we conclude that the hearing officer did not err in dismissing the termination proceedings for failure to provide proper notices of termination.
 

 2070379 — AFFIRMED.
 

 2070670 — AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.