On Applications for Rehearing

THOMPSON, Presiding Judge.
This court’s opinion of November 2, 2012, is withdrawn, and the following is substituted therefor.
, On April 25, 2011, the superintendent for the Huntsville City Board of Education (“the Board”), Dr. Ann Roy Moore (“the superintendent”), notified James Strana-han and Dwight Holmes; among others, of her intention to seek the termination of their employment with the Board. Strana-han and Holmes were employed as mechanics for the Board. As the basis for the terminations, the superintendent stated in the notices that, because of adverse financial conditions, the Board was required to terminate the employment of some of its employees and that the Board had implemented a Reduction in Force (“RIF”) policy to accomplish that task. Stranahan and Holmes each contested the proposed termination of his employment pursuant to the RIF policy. We note that these actions are governed by the former Fair Dismissal Act (“the former FDA”), § 36-26-100 et seq., Ala.Code 1975, which has been repealed' and replaced by the Students First Act (“the SFA”), § 16-24C-1 et seq., Ala.Code 1975, effective July 1, 2011. See also Board of Sch. Comm’rs of Mobile Cnty. v. Christopher, 97 So.3d 163, 171 (Ala.Civ.App.2012) (hold *206 ing that portions of the SFA that provide that the SFA is effective upon its passage were substantive in nature and, therefore, that the SFA could not have retrospective application). It is undisputed that Strana-han and Holmes were nonprobationary employees under the former FDA.
On May 17, 2011, the Board approved the termination of the employment of Stra-nahan and Holmes, among others, and Stranahan and Holmes each sought review of that decision pursuant to former § 36-26-105, Ala.Code 1975. On September 14, 2011, a hearing officer received ore tenus evidence in Stranahan’s action, and on November 19, 2011, the hearing officer entered a decision reversing the decision of the Board. On October 7, 2011, a hearing officer conducted a hearing in Holmes’s action, and on December 1, 2011, the hearing officer entered a decision reversing the decision of the Board.
The Board filed timely requests for an appeal in both actions. See former § 36-26-104(b), Ala.Code 1975. This court accepted the appeals. Stranahan’s appeal was assigned appeal number 2110252, and Holmes’s appeal was assigned appeal number 2110286. This court ordered, ex mero motu, that the two appeals be consolidated.[1]
On appeal, the Board first argues that the hearing officers each erred in determining that the Board did not provide Stranahan and Holmes proper notice of the intended termination of their employment. We note that the facts pertaining to this issue are undisputed, and, therefore, the argument involves whether the hearing officers properly applied the law to the undisputed facts. Accordingly, this court reviews this issue de novo. Ex parte Soleyn, 33 So.3d 584, 587 (Ala.2009).
The former FDA provided that a notice of termination to a nonprobationary employee “shall state the reasons for the proposed termination, shall contain a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 36-26-102, and shall state the time and place for the board’s meeting on the proposed termination.... ” Former § 36-26-103(a). The former FDA provided that the employment of nonprobationary employees such as Stranahan and Holmes may be terminated “for failure to perform his or her duties in a satisfactory manner, incompetency, neglect of duty, insubordination, immorality, justifiable decrease in jobs in the system, or other good and just causes.” Former § 36-26-102, Ala.Code 1975.
The termination notices sent by the superintendent to Stranahan and Holmes stated, in pertinent part:
“You are hereby given notice of my intention to recommend termination of [your employment as] a Mechanic for Huntsville City Board of Education as provided in § 36-26-102, Ala.Code 1975. The reason for the proposed termination is as follows: justifiable decrease in jobs in the system or other good and just causes.
“The facts showing that the termination is taken for one or more of the reasons listed in § 36-26-102, Ala.Code 1975, are as follows:
“1) Due to financial circumstances, the Board must reduce the number of its employees. To accomplish this, the Board had adopted a Reduction in Force plan. The selection of the employees to be terminated is based upon the job classifications affected by *207 the Reduction in Force plan and years of service within the Huntsville School System (those with fewer years of service in each specifically identified area are to be terminated before those with greater seniority).”
The hearing officer reviewing Strana-han’s action found that the notice quoted above was “very vague and [did] not provide sufficient information to an employee to mount a defense.” The hearing officer in Holmes’s action found the notice vague and ambiguous and stated that it “provided no factual rationale relative to the Board’s decision to terminate.” In reaching their decisions, both hearing officers concluded that the notices did not sufficiently apprise Stranahan and Holmes that the reason for the termination of their employment, or that the termination of employment of other mechanics, was a cost-savings measure.
The Board contends that its statement of the basis for the proposed terminations of Stranahan’s and Holmes’s employment was a sufficient “short and plain statement of the facts” under former § 36-26-103(a). The Board argues that the former FDA did not require that it include in its “short and plain statement of the facts” a detailed explanation of proration of state funding, the funding of school boards, and the Fiscal Accountability Act, § 16-13A-1 et seq., Ala. Code 1975.
In Bishop State Community College v. Archible, 33 So.3d 588 (Ala.Civ.App.2009) (“Archible ”), this court addressed whether a notice of termination under the former FDA was sufficient under former § 36-26-103. In that case, two employees were notified of the intent to terminate their employment with Bishop State, a community college subject to the former FDA. The notices that the employees received stated an identical factual basis for each employee’s termination, specifically: “ You committed financial improprieties in relation to the receiving of financial 'aid and scholarships.’ ” Archible, 33 So.3d at 590. This court originally held that, considering the notice and the surrounding circumstances, that notice was sufficient under the former FDA. Bishop State Cmty. Coll. v. Archible, 33 So.3d 577, 584 (Aa.Civ.App.2008). On certiorari review, our supreme court held that this court had erred in considering the “surrounding circumstances” in determining whether the notice provided to the employees by Bishop State was sufficient, and it reversed this court’s judgment. Ex parte Soleyn, 33 So.3d at 587. In so holding, our supreme court stated:
“Section 36-26-103 provides the exclusive means by which an employer such as Bishop State may terminate employees such as Archible and Soleyn. Under § 36-26-103(a), Bishop State was clearly obligated to provide each employee with a notice of intent to terminate his employment that ‘state[d] the reasons for the proposed termination’ and that ‘contained] a short and plain statement of the facts showing that the termination [was] taken for one or more of the reasons listed in Section 36-26-102.’ ”
Ex parte Soleyn, 33 So.3d at 588.
In Archible, supra, on remand from the supreme" court’s decision in Ex parte Soleyn, supra, this court stated:
“This court has held that, in order to afford minimal due process to an employee under the [Fair Dismissal] Act, the notice of proposed termination must advise the employee ‘ “of the cause or causes for his [or her] termination in sufficient detail to fairly enable him [or her] to show any error that may exist.” ’ State Tenure Comm’n v. Page, 777 So.2d 126, 131 (Ala.Civ.App.2000) (quoting James v. Board of School Comm’rs of Mobile County, 484 F.Supp. 705, 715 *208 (S.D.Ala.1979), quoting in turn Stewart v. Bailey, 556 F.2d 281, 285 (5th Cir.1977)); see also State Tenure Comm’n v. Jackson, 881 So.2d 445, 449 (Ala.Civ.App.2003) (stating that the notice of proposed termination should be ‘sufficiently-detailed to provide an adequate opportunity for [the. employee] to prepare a defense to those charges’). In the present cases, the-notices of proposed termination do not meet the requirement of setting forth a ‘short and plain statement of the facts.’ Neither notice set forth what ‘financial improprieties’ had been committed so as ‘to provide an adequate opportunity for [the employees] to prepare a defense to those charges.’ Jackson, 881 So.2d at 449. The language used is so vague as to fall below the minimum due process that must be afforded an-employee under the Act.”
Archible, 33 So.3d at 590-91.
In the present case, the Board cited a “justifiable decrease in jobs in the system” as the reason for the proposed terminations. See former § 36-26-102, Ala.Code 1975. In the notices, the Board then explained that reason by citing financial circumstances that necessitated the imposition of the RIF policy, and it explained the manner in which the employees whose employment was to be terminated under the RIF policy would be selected. Thus, the notices of termination provided by the Board explained that the Board’s current financial circumstances warranted the decrease of jobs in the system. See Ex parte Soleyn, 33 So.3d at 588.
Stranahan and Holmes each argue that under Archible, supra, a more detailed explanation of the basis of the Board’s financial situation was required. We disagree. As the Board points out, in Archible, supra, the terminations at issue were proposed because of financial improprieties, and this court determined that more information was required. - It seems axiomatic that a more detailed statement of allegations of misconduct would be necessary to allow an accused employee to defend against those allegations. In this case, however, there are no adverse allegations for Stranahan or Holmes to defend against. The basis for the proposed terminations was that the Board was experiencing financial difficulties necessitating the implementation of the RIF policy. The primary argument asserted by Stranahan and Holmes before the hearing officers was that the notice they received from the superintendent did not afford them sufficient information to defend against the specific selection of them as employees whose employment was to be terminated. We cannot conclude that the former FDA required, as part of the Board’s notice to each employee terminated under a RIF policy, that the Board set forth the specific facts underlying its financial condition and the expected benefit of the implementation of the RIF policy, particularly with regard to each employee terminated.
We conclude, that the hearing officers erred in determining that the superintendent’s notices to Stranahan and Holmes were insufficient under former § 36-26-103, AACode 1975. The hearing officer in Holmes’s action concluded that the notice Holmes received was insufficient and pre-termitted consideration of the other issues raised. Accordingly, we reverse the decision entered with regard to Holmes, and we remand the cause in appeal number 2110286 to the hearing officer for further proceedings consistent with this opinion.
In appeal number 2110252 pertaining to Stranahan, the hearing officer also determined that the Board had not met its burden in presenting evidence in support of the termination of Stranahan’s employment. The hearing officer determined *209 that the Board had not demonstrated a proper basis for determining that terminating Stranahan’s employment would result in a cost savings to the Board. However, this court held in Christopher, supra, that, when it has been determined that a teacher’s employment was terminated because of a “justifiable decrease in jobs in the system,” see former § 36-26-102, the hearing officer lacks the authority to determine whether the termination of the employment of a particular employee was justifiable. 97 So.3d at 176. In that case, the hearing officer, although recognizing the validity of the implementation of the RIF policy, found that Christopher was an excellent employee and an asset to the school system and, thus, reversed the termination decision. This court reversed the decision of the hearing officer, concluding that termination decisions under a RIF policy were within the discretion of the employing board. The court explained, in part:
“In the case of a termination pursuant to a RIF policy, ... the conduct of the employee is not at issue. The purpose of a termination pursuant to a RIF policy is cost savings to the employing board. Where a termination of employment is made because of a justifiable decrease in the jobs in the system, see former § 36-26-102, the selection of any other form of discipline or sanction under former § 36-26-104(a)[, Ala.Code 1975,] would not achieve the long-term cost-savings goal of the termination pursuant to a RIF policy.”[2]
Christopher, 97 So.3d at 174.
In this case, the hearing officer in Stranahan’s action determined that the Board had failed to meet “its burden to prove the reasons for termination stated in the termination letter,” i.e., that there were financial reasons warranting the imposition of the RIF policy. In his analysis of that issue, the hearing officer found that any cost savings from terminating Strana-han’s employment were minimal at best, that the Board did not present evidence in the form of a cost analysis to demonstrate its savings in terminating Stranahan’s employment, and that the Board “used the artifice of terminating employees and shifting to contractors” in order to attempt to save money. However, under the holding in Christopher, supra, the merits of the Board’s decisions made pursuant to a RIF policy, so long as those decisions are not made with an improper motive, are not within the scope of review of the hearing officer.[3] Accordingly, “[w]e agree with the *210 Board that the responsibility for making the difficult decisions regarding which positions to eliminate pursuant to a justified implementation of a RIF policy rests with the Board and that hearing officers and the courts ‘are not permitted to usurp the role of the school board.’” Christopher, 97 So.3d at 176 (quoting Walker v. Montgomery Cnty. Bd. of Educ., 85 So.3d 1008, 1016 (Ala.Civ.App.2011)). Accordingly, we reverse the decision of the hearing officer in Stranahan’s appeal, number 2110252, and we remand the cause to the hearing officer for further proceedings consistent with this opinion.
2110252 — APPLICATION FOR REHEARING GRANTED; OPINION OF NOVEMBER 2, 2012, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
2110286 — APPLICATION FOR REHEARING GRANTED; OPINION OF NOVEMBER 2, 2012, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs specially, which THOMAS, J., joins.

. The parties to these appeals were invited to submit briefs as amici curiae on a jurisdictional issue to be addressed in Board of School Commissioners of Mobile County v. Christopher, supra. Briefing in these appeals was stayed pending the decision in that case.

. Under former § 36-26-104(a), the hearing officer could select any of the following actions to be taken with regard to the employee: "Termination of the employee, a suspension of the employee, with or without pay, a reprimand, other disciplinary action, or no action against the employee.”

. On application for rehearing, Stranahan and Holmes each contend that he alleged that his employment was terminated for an improper reason. See Christopher, 97 So.3d at 173-74 ("We cannot agree with the hearing officer's determination that former § 36-26-104(a) authorized him to determine, in the absence of allegations of improper motive, whether the termination of a particular employee's employment was justifiable under a RIF policy.”). In asserting that argument, Stranahan and Holmes each cite to portions of the record in support of their allegation that the terminations were "arbitrary.” We note that that allegation is irrelevant to a determination whether notice of the termination itself was sufficient. Further, to the extent Stranahan argues that the hearing officer could consider his purported allegation of improper motive to determine whether the termination of his employment was valid under the RIF policy, we conclude he has failed to demonstrate error. In the context of the former FDA, a termination of employment for "improper reasons” required that the termination be shown to have occurred for personal or political reasons. See former § 36-26-102, Ala.Code 1975 (the termination of a non- *210 probationary employee’s employment "shall not be made for political or personal reasons on the part of any party recommending or voting to approve said termination”); Bishop State Cmty. Coll. v. Thomas, 13 So.3d 978, 985 (Ala.Civ.App.2008). The allegation by Stranahan or Holmes that the termination of his employment was "arbitrary” does not constitute an argument that the termination was made for personal or political reasons.