MOORE, Judge,
concurring specially.
The primary issue on appeal is whether James Stranahan and Dwight Holmes received sufficient notice of the reasons for the proposed termination of their employment, pursuant to former § 36-26-103(a), Ala.Code 1975, a part of the former Fair Dismissal Act (“the former FDA”), former § 36-26-100 et seq., Ala.Code 1975, which provided, in pertinent part, that a notice of termination to a nonprobationary employee “shall state the reasons for the proposed termination [and] shall contain a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 36-26-102[, Ala.Code 1975]
The records in these consolidated appeals show that Dr. Ann Roy Moore, then superintendent of the Huntsville City Board of Education (“the Board”), sent letters to Stranahan and Holmes stating that she was recommending termination of their employment because of “a justifiable decrease in jobs in the system or other good and just causes.” Both of those grounds are contained in former § 36-26-102. Thus, the letters clearly informed Stranahan and Holmes of the statutory reasons for the proposed termination of their employment.
The letters further stated that, “[d]ue to financial circumstances, the Board must reduce the number of its employees.” The hearing officers who reviewed the actions of the Board in terminating the employment of Stranahan and Holmes concluded that this information did not satisfy the requirement in former § 36-26-103(a) that the Board supply “a short and plain statement of the facts showing that the termination is taken for one or more of the reasons listed in Section 26-26-102.” In particular, the hearing officers determined that the notices failed to comply with the standards established in Bishop State Community College v. Archible, 33 So.3d 577 (Ala.Civ.App.2008) (“Archible I”), reversed, Ex parte Soleyn, 33 So.3d 584 (Ala.2009), opinion on remand, 33 So.3d 588 (Ala.Civ.App.2009) (“Archible II ”).
*211 In Archible I, this court held that a school board must comply with due process by giving its nonprobationary employees “notice of the reasons for their terminations in sufficient detail to provide them an adequate opportunity to prepare a defense to those charges.” 33 So.3d at 583. This court agreed that a notice complies with due process when it “ ‘creates a material and clear “[bjurden of [p]roof” for the [e]mployer and an equally clear “[p]osition of [d]efense” for the [e]mployee’ ” because the notice “must be sufficient to apprise the employee of the grounds for termination the employer intends to prove and against which the employee will have to defend.” 33 So.3d at 583 (quoting hearing officer’s decision). Under that standard,
“an employing authority subject to the [former FDA] may not simply recite a statutory ground for termination, but must notify the employee of the factual bases underlying that ground... However, the employer need not provide a detailed statement of the evidence that would be presented against the employee at a termination hearing to prove the factual basis for the termination.”
Id. In Ex parte Soleyn, our supreme court further clarified that the notice must contain sufficient information on its own to allow an employee an adequate opportunity to contest the proposed termination without reference to “surrounding circumstances.” Ex parte Soleyn, 33 So.3d at 587-88. On remand from the supreme court, this court held that a letter informing Angelo Archible.that his employment was to be terminated for “ ‘financial improprieties in relation to the receiving of financial aid and scholarships’ ” did not adequately apprise Archible of the specific “improprieties” that he had allegedly committed. 33 So.3d at 590-91.
In this case, the Board cited “financial circumstances” as the reason for its decision to reduce its workforce. By naming “financial circumstances” as the motivating factor, the Board notified Stranahan and Holmes that it was not basing the reduction in force on a decrease in the student population, technological advances eliminating the need for their positions, the reorganization of the school district or the mechanic department within the district, the discontinuance or reduction of the .use of the vehicles they serviced, or other similar justifications. The notice necessarily imparted that the Board intended to reduce its workforce exclusively to save the costs associated with the salaries and other monetary benefits payable to Stranahan and Holmes and not for any other reason.
The letters thus informed Stranahan and Holmes that the Board intended to prove that it had decided to lessen the number of its employees as one rational method of correcting a poor financial condition. See Huntsville City Bd. of Educ. v. Frasier, 122 So.3d 193 (Ala.Civ.App.2013). The letters sufficiently notified Stranahan and Holmes that they could defend against the termination of their positions by showing “ ‘that there is no rational basis for the decision [to implement a reduction in force] or that it is based on personal, political or discriminatory motives or is a subterfuge to avoid rights arising from [the employee’s nonprobationary status],’ ” Frasier, 122 So.3d at 204 (quoting Taborn v. Hammonds, 324 N.C. 546, 556, 380 S.E.2d 513, 519 (1989)), or, additionally, by proving that the Board did not follow its reduction-in-force policy or that the Board had impermissibly retained a probationary employee in their positions. Frasier, supra.
The letters did not convey to Stranahan and Holmes the exact financial condition of the Board; nor did the letters specify the nature of the causes leading to that financial condition or the extent of the financial *212 relief the Board anticipated from the reduction in force. However, former § 36-26-103(a) did not require such detail in order to provide a nonprobationary employee an opportunity to mount an adequate defense to the proposed termination of his or her employment for financial reasons. In these cases, the letters crystallized the position of the Board sufficiently enough for Stranahan and Holmes to investigate the statements of the Board as to its financial condition and to depose two of the financial officers with relevant information as to the financial condition of the Board and the measures taken by the Board to correct that financial condition. At the hearings, the Board did not surprise Stranahan and Holmes with some new factual basis for the termination of their employment, nor did the Board reveal some previously hidden or concealed information upon which it was relying for its stated reason for the reduction in force.
Thus, based on the de novo standard of review applicable to these cases, see Ex parte Soleyn, 33 So.3d at 587, I concur that this court should reverse the determinations of the hearing officers. The hearing officers should vacate that portion of their determinations finding that the Board did not comply with former § 36-26-103(a) and address the merits of the cases.
THOMAS, J., concurs.